[No. 153.  Decided March 14, 1891.]

# THE COLUMBIA NATIONAL BANK V. ALLEN EMBREE, *Executor.*

COMMUNITY PROPERTY — LIABILITY FOR SEPARATE DEBTS.

Where a party dies possessed of an interest in community property which is not required to pay the community debts, and is not otherwise exempt, such interest is liable for his separate debts when his separate property is exhausted.

*Appeal from Superior Court, Columbia County.*

The facts are fully stated in the opinion.

*Edmiston & Miller,* for appellant.

The fundamental idea of the community system is, that marriage makes the man and woman partners. *De Blane v. Lynch,* 23 Tex. 25; 8 Cal. 597. Upon the dissolution of marriage, community property becomes a *primary* fund for the payment of all community debts. *Christmas v. Smith,* 10 Tex. 123. The intention of the legislature as expressed in §§ 2411, 2412, Code 1881, is to make community property a primary fund for the payment of community debts, and if this view be correct, then it must of

necessity be a secondary fund for the payment of separate debts.

*M. M. Godman,* and *S. G. Cosgrove,* for appellee.

Funds arising from the sale of community real estate should not be applied in payment of the separate debts of the deceased.    Code 1881, §§ 2411, 2412; *Johnston v. San Francisco Savings Union,* 75 Cal. 134 (7 Am. St. Rep. 129).    The appellant had no claim or lien against the community property during the lifetime of McGee, and could not have taken the same in payment of its debt.    Code 1881, § 2410; *Smith v. Sherwin,* 11 Or. 269; *Andrews v. Andrews,* 3 Wash. T. 286; *Brotton v. Langert,* 1 Wash. 73.    The mere fact of the death of McGee did not confer upon his creditors the right to subject to the satisfaction of their claims, property which before his death was not liable or chargeable with their payment. Code, §§ 2411, 2412; *Johnston v. San Francisco Savings Union,* 75 Cal. 134 (7 Am. St. Rep. 129).    Under a statute similar to ours, the supreme courts of Texas and California have repeatedly held that, upon the dissolution of the marriage, by the death of one of the spouses, the community real property vests absolutely one-half in the survivor and one-half in the heirs of deceased, subject to the payment of such debts as the community property is charged with by law.    In this state the community real property is charged with the payment of community debts only, and cannot be taken to satisfy the separate debt of either husband or wife.    *Robinson v. McDonald,* 11 Tex. 385 (62 Am. Dec. 480); *Thompson v. Cragg,* 24 Tex. 600; *Walker v. Howard,* 34 Tex. 478; *Johnson v. Harrison,* 48 Tex. 268; *Wilson v. Helms,* 59 Tex. 680; *Cook v. Norman,* 50 Cal. 633; *Murphy's Heirs v. Jurey,* 39 La. Ann. 785 (2 So. Rep. 575); *Brotton v. Langert,* 1 Wash. 73; Code 1881, §§ 2410–12.    Under the provisions of §§ 2411 and 2412 of the code, the interest of the heirs in the community real estate may be sold for the purpose of paying community debts,

but if the same is sold when there are no community debts to be paid, then the purchaser does not acquire the interest of the heirs." *Bell v. Schwarz,* 56 Tex. 353; *Belcher v. Fox,* 60 Tex. 527; *Carter v. Conner,* 60 Tex. 52. If this be correct, then it follows that the interest of the heirs in the proceeds of the sale of community property cannot be taken in payment of appellant's claim.

The opinion of the court was delivered by

SCOTT, J.—The facts agreed upon are, in substance, that one William McGee died testate, his wife surviving him; that said parties owned community property in Columbia county at the time of his decease; that one Embree was appointed executor of his will; that said McGee owed the Columbia National Bank $440, being a suretyship debt; that he left a small amount of separate estate, but not sufficient to pay the claim; that the community debts were paid by the executor, and a surplus of money was left in his hands arising from a sale of the community property; that the claim was duly presented and allowed, the separate property of deceased exhausted, and a balance of said debt remained unsatisfied. The court decreed that said indebtedness was a separate debt of the deceased, and that it was not a charge upon the community estate, or upon the decedent's interest therein.

It is not contended that this particular debt is not a separate debt of the deceased, and the sole question presented to us is whether the unpaid balance should be paid out of decedent's interest in the community property, or whether said property should go to his devisees relieved from liability therefor. It is not claimed that his said interest in the community property is exempted from the payment of this debt on any other ground than that it is a separate debt, for which it is urged that no part of the community property is liable in any event. Under our law (Code

1881, § 2411) the power to devise one-half of the community property exists in each spouse without restriction. The persons interested in the community may be entirely excluded, and the property given at will to a stranger. Certainly the separate debts of the deceased should be paid therefrom when the community debts are paid, and there is not separate property to pay them, unless such payment is prohibited by the statute. ·Considering all the statutes thereon, we do not think there is any such prohibition, although the section cited only expressly makes such devise subject to community debts. It is true, as contended, that it was useless in such a case to mention this class—as the liability therefor would have existed without it—unless there was an intention to exclude all others; but it seems rather to have come from inadvertence or an excess of caution—the liability for separate debts is not expressly excluded. Section 2405 provides that either spouse shall not be liable for the separate debts of the other. This only protects the separate property of the spouse not having contracted them and his or her half of the community property, and by implication would leave the other half of the community property liable therefor. These laws were evidently passed at the same time, and it might be said with equal force that, in so far as separate debts contracted after marriage are concerned, in the light of our other statutes relating thereto there was no reason for this particular statute, if § 2411 (and 2412, where party dies intestate) prohibits the payment of separate debts from the community property, for the separate property of the other spouse or such spouse's interest in the community property would not have been liable therefor without § 2405.

While the law relating to our probate practice is somewhat confused, yet it is apparent—as no other way is provided—that upon the death of a person his separate estate and his interest in the community property is administered

upon in the same proceeding, even though there may be no express provision therefor, and although his interest in partnership property is particularly mentioned. See § 1435 and following sections. This would clearly be so in the execution of a will, and it must necessarily be the case where a person dies intestate. Section 1419 provides that when, by reason of a suit concerning the proof of a will or from any other cause, there shall be a delay in granting letters testamentary or of administration, a special administrator shall be appointed to collect and preserve the effects of the deceased. Section 1444 gives every executor or administrator a right to the immediate possession of all the real as well as personal estate of the deceased, and § 1445 requires him to make a true inventory thereof. By § 1465 the executor or administrator is required to publish a notice to the creditors of the deceased requiring all persons having claims against the deceased to present them, etc. Section 1479 prohibits the issuance of an execution upon any judgment rendered against the testator or intestate. Section 1528 requires the executor or administrator to take into his possession all the estate of the deceased, and § 1562 requires the debts of the estate to be paid in the order there specified; the fifth classification relates to judgments against the deceased. The word "estate" must be held to relate to the separate property of the deceased, and as well to his interest in the community property, and the debts referred to include separate debts as well as those against the community. There are other provisions of the same general purport, to which it is unnecessary to further allude. It is urged that these statutes were passed before the law relating to community property was adopted here, and that consequently they can have no bearing. But considering the fact that no other provision has been made for administering upon the estate, separate or community, and the

practice that has obtained, it must be held that it was understood, when the community laws relating to husband and wife were passed, that they were enacted in view of the probate law as it then existed, and that it was sufficient for a general and complete administration, even if there was no other answer. His separate estate not otherwise exempt would be liable for the community debts, at any rate after the separate debts were paid and the community property exhausted. The only reason for exempting community property from the separate debts of either spouse is for the benefit of the community, and when this is dissolved the reason no longer exists. We do not decide that the interest in the community property of a contracting spouse may not be reached during the lifetime of the community for a separate debt, although such exemption may necessarily follow. But when the community is dissolved by death, or in any other way, the interest in the property thereof of the party owing a separate debt, which interest is not required to pay the community debts, and not otherwise exempt, is held liable for such separate debt when the separate property is exhausted. Reversed and remanded.

ANDERS, C. J., and DUNBAR, STILES, and HOYT, JJ., concur.