[No. 2002.   Decided December 4, 1895.]

ELLA W. GRIESEMER, *Appellant*, v. BOYER & REX *et al.*, *Respondents.*

ADMINISTRATION OF DECEDENT'S ESTATE — RIGHT OF WIDOW AND CHIL-
    DREN TO ALLOWANCE — RESIDENCE OF WIDOW.

Under Code Proc., § 973, providing that in case the property of a decedent exempt from execution, which has been set apart for the use of the widow and minor children, prove insufficient for their support, " the court shall make such further reasonable allowance out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate," the widow and children are entitled to such allowance, although the husband may have made provision for them otherwise by means of life insurance policies payable to the widow.

*Semble,* that the fact that the widow and children are non-residents of this state at the time of the administration upon the husband's estate, will not deprive them of the right to the allowance provided by Code Proc., § 973.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge.   Reversed.

*Murray & Christian,* for appellant.

*Easterday & Easterday,* and *A. R. Heilig,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The appellant is the relict of Chester F. Griesemer, who died intestate at Philadelphia, Pennsylvania, October 29, 1892, but who was at the time of his death, and had been since 1889, a resident of the State of Washington.   Appellant and five minor children were also residents of Pierce county, Washington.   At the time of his death Griesemer owned unimproved real estate and personal property in said

county. The only personal property of the estate consisted of household goods, etc., which were appraised at $450, and set aside to the family as exempt. There was no homestead, and the proceeds derived from the sale of real estate amounted to but $24. The only assets of the estate were the said $24 and the sum of $10,940 recovered on a policy of insurance on the life of Griesemer, made payable to his estate. During his life time Griesemer effected three policies of insurance on his life; two of them, aggregating $15,000, were by their terms made payable to his wife, the appellant, who is also administratrix of the estate. The policies of insurance in favor of the estate had to be collected by suit, and the money on the same was not obtained until December, 1894, and January, 1895; so that no allowance could have been made out of the estate before that time. This we mention in connection with the proposition urged that there is a distinction between making an allowance for a family and advancing it afterwards as a reimbursement.

It appears that a large part of the money recovered by the appellant on the policies which were made for her benefit was improvidently invested for her by the Trader's Bank of Tacoma; that she has since recovered judgment against the said bank for about $8,000, but the bank is in the hands of a receiver and it is uncertain how much it will pay; though, with the view we entertain of the law, this circumstance is not material.

The estate proved to be insolvent. Several judgments had been recovered against Griesemer prior to his decease, and at the time of the hearing of the petition of the appellant for an allowance under the provisions of § 973 of the Code of Procedure, the court found that, if no allowance were made to the widow and children, there would be $5,960.21 to disburse to

creditors, and the allowance was rejected for the assigned reason that the appellant had a separate estate left her, through the life insurance policies above mentioned, sufficient to support herself and family during the administration of the estate. This is the main proposition in the case, and we think the court erred in refusing to grant the petition of the appellant and to make an allowance commensurate with the necessities of the case.

Section 973 provides that in case of the appointment of an executor or administrator upon the death of the husband, the court shall, without cost to the widow, minor child or children, set apart, for the use of such widow, minor child or children, all the property of the estate by law exempt from execution; that "if the amount thus exempt be insufficient for the support of the widow and minor child or children, the court shall make such further reasonable allowance out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate."

It seems to us that the language of the statute is plain, explicit, comprehensive and general; that a fund is here absolutely and without qualification protected and provision made for its distribution in a particular way, and that if it be found by the court that the amount "thus exempt" be insufficient for the support of the widow and minor child or children, it has no other duty to perform than to make the further reasonable allowance provided for by the statute; that the question is not whether the amount thus exempt, together with some other amount which the widow or some one or other of the children might own as a separate estate, is insufficient for their main-

tenance, but it is whether the amount thus exempt is insufficient. It is an absolute right that the statute gives unqualified by collateral conditions.

The allowance for the maintenance of the family according to their circumstances during the progress of the settlement of the estate is an allowance out of the estate which is being settled, and not an allowance out of some other estate. Neither does it seem to us that it depends upon the question of necessity, or of the capability of the wife to provide a good living for herself and children outside of the estate. It might eventuate that the wife was an accomplished musician or a noted lecturer, or that she could command a salary which would be amply sufficient to support herself and family, but that certainly, under the direct provisions of our statute, would not deprive her of the right to this support out of the moneys of the estate; and the fact that she has a separate estate of her own; no matter whether it came to her through the medium of a life insurance policy or in any other way, cannot be held to militate against her right to receive the allowance provided for by the statute. The right to the possession of the homestead or the household furniture might as well be taken from the widow and children. The law provides that if, by the return of the inventory of the estate of any intestate who died leaving a widow or minor children, it shall appear that the value of the estate does not exceed $1,000, the court shall, by decree for that purpose, assign for the use and support of the widow and minor children of the intestate, or for the support of the minor child or children if there be no widow, the whole estate after the payment of the funeral expenses and expenses of administration, and there shall be no further proceed-

ings in the administration unless further estate be discovered.

On the same line of reasoning advanced by respondents this statute should also be abrogated, if it should be ascertained that a sufficient separate estate existed in the widow to maintain herself and children. These are statutes of distribution, and these allowances are debts against the estate created by the law, and are preferred, just as other debts are preferred, such as expenses of last sickness, funeral expenses, etc. They are absolute in their nature and therefore not subject to any collateral conditions. If the homestead right should be rejected and the allowance should be rejected on the theory that the wife had a sufficient separate estate, and all the funds of the estate were distributed to the creditors, it might eventuate that the widow, by improvident investments, would lose all her separate estate and then the object of the statute would be destroyed altogether. The right of the children cannot be affected by any action or any condition of the mother. It was the duty of the father to provide for his family during his life time, and to provide for them at all hazards, even as against the rights of creditors, and the law, during the administration of the father's estate, simply steps into his shoes and insists upon making the same provision for the family. It seems to us that a statute like this, where no conditions or qualifications are mentioned, is not susceptible of construction.

But, outside of this conclusion, the authorities are uniform in construing statutes of this kind in favor of the right of the family to the allowance. This question came before the supreme court of the state of Vermont as early as 1850, in the case of *Sawyer v. Sawyer*, 28 Vt. 245, and it was there held that the

statutory provision for the maintenance of the widow. of the deceased person during the settlement of his estate had a general application, and that the probate court had a discretion only as to the amount of the allowance, and could not refuse it altogether where the widow had other abundant means of maintenance. That is a well considered case, and was followed in *Re Lux's Estate*, 100 Cal. 593 (35 Pac. 341), and is the uniform holding of the courts on statutes containing provisions similar to ours. And the authorities are equally uniform to the effect that the right of the widow and children is paramount to that of creditors and hence does not depend upon the solvency or insolvency of the estate. This rule is laid down in so many words in § 83 of Woerner on American Law of Administration. To the same effect are Thompson on Homesteads and Exemptions, § 945; *Buffum v. Sparhawk*, 20 N. H. 81, and *In re Estate of Dennis*, 67 Iowa, 110 (24 N. W. 746). Of course we are not speaking now of the amount of the allowance which should be made by the court under this application, but simply hold that the right to allowance is not affected by the separate estate of the widow.

Another contention of the respondents is that the widow and children had left the State of Washington since the death of the father, and were therefore not entitled to this allowance. The record shows that the appellant had taken her children to the state of Ohio, where she was educating them. We are not satisfied from the whole record that the appellant is not really a resident of this state, and the court failed to find on that proposition at all. If the respondents had desired such a finding in order to raise that issue, they ought to have requested it of the court.

But, even conceding that she was a non-resident,

the authorities, so far as we have been able to ascertain, hold that such fact would not deprive the widow and minor children of the right of allowance. In the case of *Farris v. Battle, Admr.*, 80 Ga. 187 (7 S. E. 262), where it appeared that the widow had been separated from her husband for several years, that the wife and family had been living in Tennessee and the husband in Georgia for eleven years preceding his death, and the point was raised that by reason of non-residence they were not entitled to the allowance provided by the statute, which was similar to ours, it was held by the court that such fact would not deprive the widow and children of their distributive share in the estate, viz., the year's support (in that state the statute provided for a year's support instead of support during the administration of the estate), the court saying in that connection:

"Creditors are left out and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions. To take at all they must look to the law, and must take according to law. This being so, we consider that the special provision applicable to the widow and minor children gives them this much advantage over other distributees. It makes their part of the estate that much more, and they take it as absolutely and unconditionally and for as long a time as distributees take under the general provisions of the statute. It requires nothing to give a right to this benefit, except the relation of wife or minor child. When that relation exists at the time of the death, the person or persons sustaining it are entitled to make their claim under the terms of the statute, and this court has held that their title becomes absolute."

The same doctrine is announced in *Succession of Daniel Christie*, 20 La. An. 383 (96 Am. Dec. 411).

12—13 WASH.

The question of whether or not the expense incurred in transporting appellant and her children to Ohio, and their maintenance there, was a necessary expense, taking into consideration the circumstances of the family is a question for the consideration of the court when it comes to pass upon the amount of the allowance.

It follows from what we have said that the judgment must be reversed and the cause remanded with instructions to the lower court to grant the allowance provided for by the statute.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.