[No. 13273.   Department Two.   July 21, 1916.]

T. D. CRAWFORD, *Respondent*, v. MARY E. MORRIS, *as Administratrix etc., Appellant*.[1]

EXECUTORS AND ADMINISTRATORS—COMMUNITY PROPERTY—LIABILITY FOR SEPARATE DEBTS. Upon the death of the husband, his one-half of the community estate is liable for his separate debts.

Appeal from a judgment of the superior court for Chelan county, Steiner, J., entered May 26, 1915, upon findings in favor of the plaintiff, upon allowing a claim against an estate. Affirmed.

*Kemp & Baker*, for appellants.

*Cade & Barrows*, for respondent.

BAUSMAN, J.—The deceased husband of the defendant administratrix became surety on a note, which she rejected as a claim on the ground that all his property was of the community sort and that, under familiar decisions of this court,

[1]Reported in 158 Pac. 957.

his debt as surety not joined in by her was his separate liability. In the latter contention the administratrix was correct, but, refusing to recognize the claim against his half after death, she was in error. The lower court correctly applied the rule of *Columbia Nat. Bank v. Embree*, 2 Wash. 331, 26 Pac. 257, that, while the community property is immune from a separate debt during the lifetime of the spouse, it is open to attack after death, a rule recognized also in *In re Hill's Estate*, 6 Wash. 285, 289, 33 Pac. 585.

These early views we are asked to discard, but this is one situation in which few will complain if we prefer *stare decisis*. So far from regretting that rule, we again reject much fair argument under the mere letter of the statute and pronounce it anew. To go further than to exempt the joint estate from separate creditors during the spouse's life will not do. That a man during a long married life may accumulate vast properties in which he has an admitted half interest, and yet that such creditors shall go unpaid as cannot bring themselves within the joint class, is not a little hard, but was forced upon us by the statute. To say that even death does not relax this situation and that the spouse has power to give away his half, bequeathing, if he has a mind, the whole of it to strangers beyond the seas, with his creditors having no right to a penny of it, would be an unnecessary and intolerable extension of the doctrine. Our statute does not pass his half to the surviving spouse and so continue the solidity of the joint estate. It divides it. It makes it plainly separate then, so we hold it subject to separate debts. The legislatures in the many years that have passed since the *Embree* decision have been at no pains to alter the statute so as to escape this interpretation of it.

*Wasmund v. Wasmund*, 90 Wash. 274, 156 Pac. 3, merely established the status of an illegitimate child under the words of the community property statutes. Undoubtedly some of the reasonings in that case might have been used years ago

10—92 WASH.

in the *Embree* case, but they were not and we are satisfied to let the former decision stand as it is.

Judgment affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.