[No. 14958. Department One. December 28, 1918.]

*In the Matter of the Estate of* SAMUEL LAVENBERG.[1]

EXECUTORS AND ADMINISTRATORS (60)—ALLOWANCE TO SURVIVING WIFE—NONRESIDENTS—STATUTES. A nonresident widow is entitled to the allowance of $3,000, under Laws 1917, pp. 670, 671, §§ 103, 104, providing that the home, household goods and property not exceeding $3,000 shall be set aside to the widow; since the law is not strictly a homestead or exemption law, but is based on charity to prevent dependency and is to be liberally construed; the widow being in no sense a contending party as to creditors.

SAME (59)—STATUTES (5)—CONTINUATIONS—ALLOWANCE TO SURVIVING WIFE. Although Rem. Code, § 1464, restricting a widow's allowance to $1,000 was repealed by the probate code of 1917 without saving existing rights, Laws 1917, pp. 670, 671, §§ 103 and 104, making the allowance $3,000 will be treated as a re-writing or amendment of existing laws, in view of Id., § 219, which provides that the court shall have full power and authority to settle the estate in any case where the provisions of the act are inapplicable or doubtful.

[1]Reported in 177 Pac. 328.

CONSTITUTIONAL LAW (85)—OBLIGATION OF CONTRACTS—EXEMPTION LAWS. An award to the widow on distribution of $3,000 under the act of 1917, pp. 670, 671, §§ 103, and 104, is not an impairment of the obligation of debts created by the decedent prior to the passage of that act, although it amends the existing law limiting the allowance to $1,000, where the residue of the estate going to the widow under the award was less than $1,000.

Appeal from an order of the superior court for King county, Smith, J., entered May 25, 1918, directing the payment of the residue of an estate for the use and support of a widow and minor children, after a hearing before the court. Affirmed.

*G. E. Steiner* and *C. C. Curtis,* for appellants.

*Alexander Stewart* and *Robert D. Hamlin,* for respondent Jennie Lavenberg.

*Chas. M. Fouts,* for respondent Levy.

CHADWICK, J.—There are two questions in this case.

I. Is a nonresident wife, surviving a husband who lived and did business in this state, entitled to an award of property under §§ 103 and 104, Laws of 1917, pp. 670, 671, when the husband has never maintained a home or dwelling-house, and consequently no homestead has been claimed in the lifetime of the deceased, and there is no property subject to be claimed as a homestead.

Samuel Lavenberg, in his lifetime, operated a small tailoring business in Seattle. His wife and family lived in New York. The husband and wife were not separated in any legal sense. The estate consists of the proceeds of shop tools and equipment and of a small stock of goods, purchased from the now complaining creditors a short time before Lavenberg's death, and not exceeding in value the sum of $1,300. After the payment of preferred claims, there will re-

main less than $1,000, which the court ordered set aside to the use of the widow.

Appellants contend that the award of the whole of a small estate can only be made where one of two conditions occur: (a) where no homestead has been claimed in the manner provided by law; and (b) where the homestead, if claimed, is less in value than the sum of $3,000, in which event an award may be made which, including the home and household goods, shall not exceed in value the sum of $3,000.

It is further contended that homestead laws being primarily intended for the benefit of residents of the state in which they are enacted (21 Cyc. 470), and the property of nonresidents not being exempt from execution or attachment (Rem. Code, § 571), it follows that the property of the estate is subject to the claims of creditors, and cannot be claimed as a homestead or in lieu of a homestead.

But the confusion of appellants' argument lies in the fact that the laws under which the award is made are not, strictly speaking, homestead and exemption laws. Although construed as analogous statutes, they in no sense pertain to the rights of debtor and creditor. Like the general laws exempting homesteads and certain personal property, they rest in a sound public policy and are calculated to prevent dependency, but they sound deeper in the policies upon which homestead and exemption laws are made to rest.

"Statutes of this character are founded on charity, they are remedial and partake of the nature of, but are not strictly, exemption laws." *In re Heilbron's Estate,* 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602.

"It was the duty of the father to provide for his family during his lifetime, and to provide for them at all hazards, even as against the rights of creditors, and the law, during the administration of the father's

estate, simply steps into his shoes and insists upon making the same provision for the family.'' *Griesemer v. Boyer*, 13 Wash. 171, 43 Pac. 17.

If the widow were claiming a homestead, or property in lieu of a homestead, under the general law, she must have been a resident of the state at the time to take the benefit of the statute, but to the setting aside of the homestead or property in lieu thereof where the estate does not exceed in value a certain sum, the widow is in no sense a contending party and the court is given no discretion. A judicial duty imposed by the legislature compels the setting apart of the property, and against the order of the court nothing will avail unless it be the voluntary renunciation of the widow. It is the policy of our probate law, now evidenced by §§ 103, 104, Laws of 1917, pp. 670, 671, that compels rejection of the general rule that homesteads and lieu exemptions cannot be claimed by nonresidents. For, as against an imperative duty, no qualification of residence being imposed, the courts will look only to the relationship and not to the place of residence. ''It is an absolute right that the statute gives unqualified by collateral conditions.'' *Griesemer v. Boyer, supra.*

In the case just cited, although not necessary to a decision upon the facts as found by the court, the right of a widow, although a nonresident, to take property under the probate exemption was advanced as a sound theory.

II. But if these things be so, appellant insists that, inasmuch as the statute under which the award was made was passed after the greater part of the debts were incurred, the award will operate to impair the obligation of the several contracts, and must therefore fail *pro tanto*.

*In re Heilbron's Estate, supra,* with its succeeding line, are relied on. We do not feel called upon to discuss these cases, for in any event appellants take on distribution and not by execution, and so taking, they can have no advantage other than that given by the law existing at the time the debts were contracted. Under the old law, the sales were made subject to a widow's exemption of property in a sum not exceeding the sum of $1,000. Rem. Code, § 1464.

While this section seems to have been repealed without saving existing contract rights or pending cases (Laws of 1917, p. 707, § 223), we think § 219 warrants us in treating §§ 103 and 104 (pp. 670, 671) as a rewriting or amendment of the then existing law, and when so considered we have no hesitation in holding that appellants can claim nothing, it being certain that the residue of the estate, after paying preferred claims, is less than $1,000.

Affirmed.

MAIN, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.