[No. 17297. Department Two. February 14, 1923.]

## In the Matter of the Estate of Josiah Andrews, Deceased.[1]

EXECUTORS AND ADMINISTRATORS (58, 59)—ALLOWANCE TO SURVIVING ·WIFE—DISTRIBUTION OF ESTATE—STATUTES—CONSTRUCTION.    A widow's homestead under Rem. Comp. Stat., § 1473, and her allowance for support pending administration under Id., § 1476, liberally construed in accordance with sound public policy, are not chargeable as advances against her share of the estate on final distribution.

SAME (168)—SETTLEMENT OF ESTATE—ORDERS—REVIEW.    The supreme court will not disturb, except for error affirmatively shown, the discretion of the trial court in refusing to allow the erection of a monument to the deceased, ·or to allow special attorney's fees for conducting litigation, and in fixing attorney's fees, and charging the widow's distributive share with the unpaid taxes on the home.

Cross-appeals from an order of the superior court for King county, Dykeman, J., entered March 18, 1922, settling the final account of an administrator and distributing an estate, after a hearing before the court. Affirmed.

*Jas. A. Dougan,* for appellant A. D. Andrews.

*Thos. H. Bain,* for appellant Aletha W. C. Andrews.

FULLERTON, J.—Josiah Andrews died at Seattle, in August, 1919, intestate, leaving an estate valued at approximately $15,000, and leaving two heirs; one his widow, Aletha W. C. Andrews, and the other a son, A. D. Andrews, the issue of a former marriage.    The widow was appointed administratrix of the estate, and from an order of final distribution, both she and the son have appealed.

The sole question presented upon the appeal of the son is whether the statutory homestead allowance of $3,000, and the amounts allowed by the court for the

[1]Reported in 212 Pac. 1073.

support of the widow during the pendency of the administration, shall be considered as advancements to be charged against her distributive share of the estate on its final distribution.

The statute relating to the allowance of a homestead is found at § 1473 of Rem. Comp. Stat., and reads as follows:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, upon such notice as may be determined by the court, upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000), exclusive of any mortgage or mechanic's, laborer's or materialmen's or vendor's liens upon the property so set off, which property so set off shall include the home and household goods, if any, and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates. The order or judgment of the court making the award or awards provided for in this section shall be conclusive and final, except on appeal and except for fraud. The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions."

The allowance for support of the widow during the pendency of the administration was made under § 1476 (Ib.) and reads:

"In addition to the awards herein provided for, the court may make such further reasonable allowance of cash out of the estate as may be necessary for the

maintenance of the family according to their circumstances, during the progress of the settlement of the estate, and any such allowance shall be paid by the executor or administrator in preference to all other charges, except funeral charges, expenses of last sickness and expenses of administration.''

In construing these sections, the rule to be followed is stated by this court in *In re Hooper's Estate,* 117 Wash. 463, 201 Pac. 740, in the following language:

"Statutes providing for allowances to the survivor of a decedent rest in a sound public policy and should be liberally construed for the purpose of effecting the object intended. *In re Heilbron's Estate,* 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602; *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328. They are strongly favored in law. *In re Whitney's Estate,* 171 Cal. 750, 154 Pac. 855.''

In that case the property was disposed of by will, the widow being bequeathed an equity in a home worth $1,370 and furniture worth $300, besides being made residuary legatee of a one-third interest in the balance of the estate, which balance was worth $6,468. The court held that she was entitled to a money allowance from the estate sufficient with the home and the furniture to make the entire allowance equal to the sum of $3,000, in addition to her share of the distributive estate.

In *Griesemer v. Boyer & Rex,* 13 Wash. 171, 43 Pac. 17, this court, in speaking of allowances made for the maintenance of the family of the deceased, said:

"These are statutes of distribution, and these allowances are debts against the estate created by the law, and are preferred, just as other debts are preferred, such as expenses of last sickness, funeral expenses, etc. They are absolute in their nature and therefore not subject to any collateral conditions. . . . It was the duty of the father to provide for his family during his lifetime, and to provide for them at all hazards, even

as against the rights of creditors, and the law, during the administration of the father's estate, simply steps into his shoes and insists upon making the same provision for the family. It seems to us that a statute like this, where no condition or qualifications are mentioned, is not susceptible of construction.''

The rule is stated in 24 C. J. 231, as follows:

''This allowance is intended as a provision independent of any dower or other distributive interest in the estate, and is in the nature of a preferred claim against the estate, the effect of which is to limit the power of a testator to dispose of his property. It cannot be treated as a debt against the estate, but is more in the nature of a part of the cost of administration.''

Whether, as this court has said, the allowance is a debt of the estate, or whether it is a part of the costs of administration, as intimated in the citation from Corpus Juris, it is payable from the estate, and that portion of the estate set off to the widow is no longer subject to administration. It follows that the allowance should not be considered in making the final distribution.

The appellant Aletha W. C. Andrews assigns as errors the refusal of the court to grant her permission to erect a monument at the grave of the deceased; the failure to allow special attorneys' fees for the trial of a former action involving the estate; the refusal to allow more than $300 to her as administratrix and $600 for her attorney's fees; and the charging of her share with the taxes on the home property for the last half of 1918, and all of 1919 and 1920. These are all matters within the power of the trial court to determine, and his orders will not be disturbed unless an affirmative showing of error is made. Here, there is no statement of facts, and hence no showing upon which error can be predicated.

The judgment is affirmed, and as both parties have appealed, costs will not be allowed to either party.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.