[No. 20969.  Department One.  April 14, 1928.]

NELSON B. BRANCHE, *Respondent*, v. W. J. AUMILLER et al., *Appellants*.[1]

[1] EXECUTORS AND ADMINISTRATORS (62) — HOMESTEAD (16) — AL-
LOWANCE TO SURVIVING SPOUSE — LIABILITIES — JUDGMENTS.  A
judgment creditor, having had notice of an order awarding a
homestead to the surviving spouse, declared to be final by Rem.
Comp. Stat., § 1673, unless appeal is taken, and having taken no
appeal therefrom, is bound thereby and cannot subject the lands
to execution against the survivor, or contest an action to en-
join the sale and quiet title.

[2] STATUTES (21)—SUBJECTS AND TITLES—PROCEEDINGS — PROBATE
CODE.  Rem. Comp. Stat., § 1473, authorizing the court in pro-
bate to set aside a homestead to the surviving spouse, is
germane to, and included in the title to the probate code (Rem.
Comp. Stat., § 1371 *et seq.*) "to establish a code of probate law
and procedure, including the  .  .  .  administration of estates
of deceased persons."

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered April 18, 1927, upon findings in favor of the plaintiff, in an action to enjoin an execution sale of real property claimed as a homestead. Affirmed.

*James O. Cull*, for appellants.

*Stephen E. Chaffee*, for respondent.

MITCHELL, J.—W. J. Aumiller and his wife obtained a judgment against Nelson B. Branche and his wife in the superior court of Yakima county, part of which

[1]Reported in 266 Pac. 723.

has not been paid. Mrs. Branche died. Her surviving husband was appointed administrator of the estate by the superior court of that county. Upon his petition in the probate proceedings, of which notice was given, there was awarded and set off to him certain real and personal property of the estate, of the value of $1,055, situate in that county, in lieu of all homestead and other exemptions, and in the order awarding it to him it was declared to be his sole and separate property. Aumiller and his wife sued out an execution on their judgment, and through the office of the sheriff levied on the real estate and advertised it for sale.

Before the time of sale as advertised, Nelson B. Branche brought this action to enjoin the sale and to quiet his title to the real estate as against the Aumiller judgment, setting up the facts in his complaint. On the return day of a temporary restraining order signed and entered by the court, the defendants appeared and moved to set aside the restraining order, and also filed a general demurrer to the complaint. The motion to vacate the restraining order was denied and the demurrer to the complaint was overruled. The defendants, refusing to plead further, have appealed from a judgment granting the plaintiff the relief demanded in his complaint.

[1] The arguments on behalf of the appellants have exceeded the limit fixed by the proper contention of the respondent that the order in the probate proceedings awarding the property to him, not having been appealed from, is final.

The statute in force at the time the award was made, Rem. Comp. Stat., § 1473 [P. C. § 9893], provides, for the purposes of this case, as follows:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent

to the death of the person whose estate is being administered, then the court, *upon such notice as may be determined by the court,* upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000) . . . and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates. *The order or judgment of the court making the award or awards provided for in this section shall be conclusive and final, except on appeal and except for fraud.* The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions." (Italics ours.)

The order or judgment describing the real estate and setting it off to Nelson B. Branche was declared upon in the complaint in the present action, the order reciting that no homestead was claimed by the Branches prior to her death nor by him subsequent to her death; that funeral expenses and expenses of her last sickness and of the administration of the estate had been paid; that notice of hearing of the petition had been given as provided by law and order of the court; and that Nelson B. Branche is entitled to have the property set aside to him as exempt as his sole and separate property, subject to a mortgage held by a third party; whereupon it was ordered and adjudged that the real property be, and the same is hereby, awarded to and set off to Nelson B. Branche as exempt and as his sole and separate property.

The appellants having had notice of those proceedings as required by law and the order of the court are

bound by that judgment, according to the specific terms of the statute, there having been no appeal from that judgment nor charge of any fraud in the procuring of it.

[2]　Appellants present the further question that the provisions of § 1473 of the code are not within the title of the act. That section is found in Session Laws of 1917, p. 642, under the title Probate Code [Rem. Comp. Stat., § 1371 *et seq.*] and is designated

"An Act to establish a code of probate law and procedure, including the making and probating of wills, administration of estates of deceased persons; etc."

It is intended and as a matter of fact amounts to a comprehensive enactment upon the subject of probate law and procedure and there can be no question, as it appears to us, that the provisions of § 1473 of the code, which is a part of the act, cover matters that are germane to the subject and are covered by the title of the act as such matters have been treated and considered both in the law and the practice in this state for a great many years and generally in courts exercising probate jurisdiction and powers. In our opinion there is no merit in this argument on the part of the appellants.

Affirmed.

MACKINTOSH, C. J., FRENCH, and PARKER, JJ., concur.