[No. 21334. Department Two. November 26, 1928.]

MARY GREER, *Respondent,* v. E. ROBINSON *et al., Appellants.*[1]

*Frank E. Hammond,* for appellant.
*James A. Dougan,* for respondent.

PARKER, J.—The plaintiff, Mrs. Greer, commenced this action in the superior court for King county, seeking an injunction restraining the defendant sheriff of that county from selling, under execution issued out of

[1]Reported in 272 Pac. 28.

that court upon an unsatisfied money judgment of record therein rendered against her in favor of the defendant Robinson, certain personal property claimed to be exempt to her from sale in satisfaction of that judgment. Trial upon the merits resulted in a decree awarding to Mrs. Greer injunctive relief as prayed for, from which Robinson has appealed to this court.

The controlling facts are not in dispute and may be summarized as follows: On December 26, 1926, Clyde Greer, husband of Mrs. Greer, died intestate in King county. Thereafter, in due course of the probating of his estate, including that of the community, there was by the superior court for King county duly set off from the property of the estate to Mrs. Greer, as the surviving spouse, under the provisions of our probate code, the property here in question, with other property, in lieu of her homestead and exemption rights in the property of the estate. On May 5, 1927, there was rendered a personal money judgment against Mrs. Greer for her separate debt, which was not a debt of the estate of the community of which she was a member or a debt of the estate of her deceased husband; which judgment has remained unsatisfied and of record in the superior court for King county. On July 2, 1927, Robinson, the judgment creditor, caused an execution to be issued upon the judgment, caused the sheriff of King county to levy upon the property here in question and caused the sheriff to proceed under the execution and levy looking to the sale of the property in satisfaction of the judgment. Mrs. Greer is not married or the head of a family. Her claim that the property is exempt from levy and sale in satisfaction of the judgment being ignored by Robinson and the sheriff, she commenced this action in the superior court seeking injunctive relief, as above noticed.

Mrs. Greer's claim of exemption and the trial

court's award thereof are rested upon the provisions of Rem. Comp. Stat., § 1473, reading, so far as need here be noticed, as follows:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court . . . shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000), . . . and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, . . . the awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions."

It is conceded, indeed it seems plain, that Mrs. Greer's interest acquired in this property by virtue of the order of the court made in the administration proceeding, became entirely freed from liability upon all obligations provable as debts of the estate. Does that argue that her interest in the property so acquired, it manifestly thereby becoming wholly her separate property, is exempt from execution in satisfaction of her separate debt evidenced by the judgment upon which the execution was issued? We think not. Statutes of this nature, while having the effect of freeing awards of property or money made thereunder from the burden of provable debts of the estate, are not strictly exemption statutes, but are viewed by the courts more in the nature of distribution or preferred creditor statutes. *Griesemer v. Boyer & Rex,* 13 Wash. 171, 43 Pac. 17; *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328; *In re Andrews' Estate,* 123 Wash. 546, 212 Pac. 1073.

It seems to us that the concluding language of § 1473, "the awards in this section provided shall be in lieu

of all homestead provisions of the law and of exemptions,'' means nothing more than that the spouse to whom the award is made takes the award freed from the burden of all debts provable against the estate; that is, as a distributee or preferred creditor of the estate.

Whether or not, after the surviving spouse so acquires property or money of the estate, when it manifestly thereby becomes his or her separate property, such property is exempt from execution in satisfaction of his or her separate debts, it seems to us, presents a problem to be determined wholly apart from the provisions of our probate code found in § 1473, above quoted; that is, presents a problem to be determined under our general homestead and exemption statutes. In Rem. Comp. Stat., § 518, relating to property subject to execution, we read: ''All property, real and personal, of the judgment debtor not exempt by law shall be liable to execution.'' No statutory provision is invoked or called to our attention, in behalf of Mrs. Greer, supporting the contention made in her behalf that the personal property here in question, her separate property, is exempt from execution in satisfaction of her separate debt evidenced by the judgment upon which the execution here in question was issued, other than the probate provisions of § 1473, above quoted, which we have concluded does not support her exemption claim here made.

We have not overlooked our recent decision in *Branche v. Aumiller,* 147 Wash. 463, 266 Pac. 723, particularly relied upon by counsel for Mrs. Greer. That decision dealt with the problem of whether or not the setting aside of property to the surviving spouse under § 1473, above quoted, freed such property from a community debt provable as a debt of the estate of the deceased spouse. That decision goes no further than

holding that the property so set aside to the surviving spouse was freed from the obligation of such debt, and that the order setting aside the property became *res judicata* of that question. Clearly, we think that decision is of no controlling force in our present inquiry.

We conclude that upon the record of this case it does not appear that this separate property of Mrs. Greer is exempt from execution and sale in satisfaction of her separate debt evidenced by the judgment upon which the execution was issued, and that therefore the trial court erred in awarding injunctive relief as prayed for by her.

The decree is reversed.

FULLERTON, C. J., MAIN, ASKREN, and FRENCH, JJ., concur.