J.A. McHugh, a resident of King county, died testate in that county November 16, 1929. By his will, the testator gave to his widow, Barbara McHugh, whom he nominated as executrix, all of the *Page 124 
estate except a bequest of one dollar to each of his children. The will was admitted to probate December 12, 1929. Barbara McHugh qualified as executrix and, as required by the statute (Rem. Comp. Stat., § 1477), she caused to be published a notice of her appointment as executrix and a notice to creditors to file their claims.
On January 17, 1930, the First National Bank of Auburn properly served and filed its claim against the estate for $4,680 upon a promissory note of the testator payable to the order of the bank. The executrix indorsed as follows her rejection upon the claim filed: "The foregoing claim is rejected this 10th day of Sept. 1930. Barbara McHugh, Executrix." This indorsement was never brought to the attention of the bank.
As required by the statute, it received the notice quoted below. The executrix on the same day filed in court an "order rejecting claims," which, so far as material, reads as follows:
"I, Barbara McHugh, executrix of the foregoing entitled estate, do hereby disallow and reject the following claims heretofore filed against the above entitled estate: . . .
"As to the claim of the First National Bank of Auburn, for the sum of $4680 and interest, heretofore filed in the above entitled matter on the 17th day of January, 1930, I order and declare that the said claim is a valid claim against any separate estate which may hereafter come into my hands as executrix belonging to the estate of J.A. McHugh, but declare that the same is not a valid claim against this estate and that the same is not entitled to be paid in any amount out of any estate now in my hands as executrix, for the reason that all of the estate is the community estate of said J.A. McHugh, deceased, and of myself, and the said claim is not a valid claim against the said community estate and as such is rejected." *Page 125 
The executrix, on September 10, 1930, pursuant to the statute (Rem. Comp. Stat., § 1479), served a written notice upon the claimant bank, rejecting the claim as against the community property, but allowing same as a valid claim against the separate property of the decedent. That notice reads as follows:
"As to the claim of the First National Bank of Auburn for the sum of $4680 and interest, heretofore filed in the above entitled matter on the 17th day of January, 1930, I order and declare that the said claim is a valid claim against any separate estate which may hereafter come into my hands as executrix belonging to the estate of J.A. McHugh, but declare that the same is not a valid claim against this estate and that the same is not entitled to be paid in any amount out of any estate now in my hands as executrix for the reason that all of the estate is the community estate of the said J.A. McHugh, deceased, and of myself, and the said claim is not a valid claim against the said community estate and as such is rejected."
On October 27, 1930, the bank was closed. H.W. Douglass was appointed receiver thereof. In February, 1931, the executrix filed her petition for final settlement of the estate, in which petition she prayed:
"That all of the interest of the deceased in and to the property hereinbefore described and any and all community interest of which said J.A. McHugh died seized and any and all other property be assigned to your petitioner in her sole and separate right and as her sole and separate property."
The bank's receiver, the claim of the bank not having been paid, caused citation to issue requiring the executrix to show cause why the claim of the bank should not be allowed as a separate indebtedness of the decedent, and to show cause why the claim should not be paid from the one-half interest of the decedent in the community property of the estate. The petition for citation reads as follows: *Page 126 
"Why this court should not allow the said claim of the First National Bank of Auburn as a separate indebtedness of said decedent, J.A. McHugh, and to further show cause why said Barbara McHugh as such executrix should not pay said claim from the one-half interest of said decedent, J.A. McHugh, in the community property inventoried and appraised in said estate, and to further show cause why said executrix should not mortgage or sell such one-half interest of said decedent, J.A. McHugh, in and to said community property, if necessary, in order to raise moneys from which to pay said claim, and to further show cause why said claim should not be established and decreed to be a valid lien and charge against the undivided one-half interest of said decedent, J.A. McHugh, in all of the community property of said estate left for distribution after payment of community debts and expenses of administration, and why it should not be decreed by this court that the distributee or distributees of said undivided one-half interest take and acquire the same subject to such first lien and charge."
In answer to the citation and to petition therefor, the executrix alleged as a defense the rejection of the claim, setting out a copy of the order rejecting claims (which is above quoted) filed by her September 10, 1930, and that the note was the separate indebtedness of
". . . the said J.A. McHugh and was not and is not any indebtedness having a binding force upon the community consisting of the said J.A. McHugh and respondent."
To the response of the executrix the bank receiver demurred.
Hearing thereafter resulted in the entry of an order allowing the bank's claim as a separate debt of the decedent, and directing that the claim be paid
". . . from the undivided one-half interest of the decedent in the community property of said decedent and said executrix not otherwise exempt, left for distribution *Page 127 
after payment of expenses of administration and community debts."
From that order the executrix has appealed.
Appellant contends that, the claim having been rejected and the claimant duly advised of such rejection, the claim is barred, as suit thereon was not instituted within the statutory period. Appellant argues:
"Since there is nothing in the order of the executrix which can be construed as an allowance of the claim, and since there is nothing in the order which can be construed as other than a rejection of the claim, the only remedy which the claimant had was to bring suit upon the claim within thirty days after the order rejecting it. Since the claimant did neither of these things, it is without relief in the premises and is not entitled to the relief granted by the probate court."
[1] The claim made was for the payment of a separate obligation of the husband. It was not a community indebtedness. All of the estate left by the deceased was community property. Upon his death, the community was dissolved, and the husband's one-half of the community estate became liable for his separate debts.
"The lower court correctly applied the rule of Columbia Nat.Bank v. Embree, 2 Wn. 331, 26 P. 257, that, while the community property is immune from a separate debt during the lifetime of the spouse, it is open to attack after death, a rule recognized in In re Hill's Estate, 6 Wn. 285, 33 P. 585.
"These early views we are asked to discard, but this is one situation in which few will complain if we prefer staredecisis. So far from regretting that rule, we again reject much fair argument under the mere letter of the statute and pronounce it anew. To go further than to exempt the joint estate from separate creditors during the spouse's life will not do. That a man during a long married life may accumulate vast properties in which he has an admitted half interest, and yet that such creditors shall go unpaid as cannot *Page 128 
bring themselves within the joint class, is not a little hard, but was forced upon us by the statute. To say that even death does not relax this situation and that the spouse has power to give away his half, bequeathing, if he has a mind, the whole of it to strangers beyond the seas, with his creditors having no right to a penny of it, would be an unnecessary and intolerable extension of the doctrine. Our statute does not pass his half to the surviving spouse and so continue the solidity of the joint estate. It divides it. It makes it plainly separate then, so we hold it subject to separate debts. The legislatures in the many years that have passed since the Embree decision have been at no pains to alter the statute so as to escape this interpretation of it." Crawford v. Morris, 92 Wn. 288, 158 P. 957.
[2] That the claim was rejected as a community obligation but was allowed as a separate debt payable from the separate property of the decedent, is clear. The language in the notice to the bank and in the "order rejecting claims" filed in court by the executrix, can not mean anything else. In that order and notice, she said:
". . . the said claim is a valid claim against any separate estate which may hereafter come into my hands as executrix belonging to the estate of J.A. McHugh, but declare that the same is not a valid claim against this estate . . . for the reason that all of the estate is the community estate of the said J.A. McHugh, deceased, and of myself, and the said claim is not a valid claim against the said community estate and as such is rejected."
Section 1477, Rem. Comp. Stat., requires an executrix to publish a notice to the creditors of the deceased requiring "all persons having claims against the deceased" to serve and file the same. If the claim is rejected in whole or in part, the claimant shall be so notified and the executrix shall file in the office of the *Page 129 
clerk an affidavit showing that such notification was, and when, given.
"When a claim, accompanied by the affidavit required in the preceding section has been served and filed, it shall be the duty of the executor or administrator to indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim, it shall be presented to the judge of the court, who shall in the same manner indorse on it his allowance or rejection. If the executor or administrator reject the claim in whole or in part, he shall notify the claimant forthwith of said rejection and file in the office of the clerk an affidavit showing such notification and the date thereof. Such notification shall be by personal service or registered mail.
"If the executor or administrator shall neglect for a period of sixty days after service upon him or his attorney to act upon any such claim, the claimant may take the matter up before the court and the court may require the executor or administrator to act on such claim and in its discretion may impose costs and attorney's fees." Rem. Comp. Stat., § 1479.
To appellant is imputed the knowledge that the dissolving of the marital community by the death of the husband rendered the husband's interest in the community property subject to the payment of his separate debts. The executrix knew — she so insisted, and in her notice to the bank so stated — that the claim filed was the separate obligation of the deceased husband. Though she unequivocally rejected the claim as a community obligation, she as unequivocally allowed the claim as a valid claim against any property of her husband which might thereafter come into her hands as executrix of the McHugh estate.
[3] It was not necessary for the claimant to show there was separate property available for payment of the claim. It is not a condition precedent to the allowance *Page 130 
of claims that there be assets sufficient to satisfy the claims.
"It is not necessary for the claimant to show that there are assets sufficient to pay his claim before he can obtain an allowance, for it is one thing to obtain an allowance and another thing to obtain a direction for the payment of the claim." 11 R.C.L. 199, § 221.
Whatever her purpose, the executrix by her notice and order clearly allowed the respondent's claim as a valid claim against the separate property of the decedent.
The order appealed from is affirmed.
TOLMAN, C.J., HOLCOMB, MAIN, and BEALS, JJ., concur.