[No. 25643. Department One. June 29, 1935.]

J. E. KELLEY, *Respondent*, v. EMMA K. BUTLER, *Appellant*.[1]

*Frank S. Griffith,* for appellant.

*Wright, Jones & Bronson,* for respondent.

[1]Reported in 47 P. (2d) 664.

BEALS, J.—J. W. and Emma K. Butler, husband and wife, September 10, 1931, executed a joint and several promissory note, whereby they promised to pay to the order of J. E. Kelley $421.21, with interest. About a year thereafter, Mr. Butler died intestate, and his widow was regularly appointed administratrix of his estate. The then holder of the promissory note filed with the administratrix its verified claim, based on the note, which claim was allowed in the full amount thereof as a debt due from the estate. Mrs. Butler, claiming her statutory rights as against the estate, it appearing that no homestead had been claimed by either spouse prior to Mr. Butler's death, and the entire property having been appraised at a figure less than three thousand dollars, was awarded all of the property belonging to the estate, pursuant to the statute applicable to such a situation. No attack was ever made upon the regularity of these proceedings.

December 28, 1933, approximately six months after the date of the order awarding the property to Mrs. Butler, J. E. Kelley, the payee named in the note above referred to, which had been reassigned to him, brought suit thereon against Emma K. Butler, and at the same time caused a writ of attachment to issue, which was levied upon two tracts of real estate which had been awarded to Mrs. Butler in the probate proceeding, as above set forth. After several months, judgment was rendered in favor of J. E. Kelley and against the defendant Emma K. Butler for the full amount due upon the promissory note, and thereafter Mrs. Butler moved to discharge and vacate the writ of attachment, contending that the property upon which the same had been levied was not subject thereto. After a hearing, the court denied the motion to vacate the writ of attachment, and from this order Mrs. Butler has appealed.

The question here presented turns upon the effect to be given Rem. Rev. Stat., § 1473 [P. C. § 9893], which provides that, if no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, the court, upon being satisfied that certain expenses have been paid or provided for, upon petition "shall award and set off to the surviving spouse" property of the estate, either community or separate, not exceeding the value of three thousand dollars, exclusive of certain classes of liens; the property so set off to include the home and household goods, if any,

". . . and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates."

The section concludes with the sentence: "The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions."

Section 1474 [P. C. § 9894] provides that,

"In event a homestead has been, or shall be selected in the manner provided by law, whether the selection of such homestead result in vesting the complete or partial title in the survivor,"

if it appear that the value of the homestead does not exceed two thousand dollars, exclusive of liens, the surviving spouse shall have set off to him or her other property of the estate sufficient to bring the value of the property awarded to the surviving spouse up to the sum of three thousand dollars.

The next two sections of the code provide, the first for the award to a minor child or minor children of property of the estate up to three thousand dollars, and the second for reasonable allowances "for the mainte-

nance of the family, according to their circumstances, during the progress of the settlement of the estate."

The sections of the statute above referred to were in substance enacted as part of the probate code (Chap. 156, Laws of 1917, p. 642).

Prior to the enactment of the probate code in 1917, the comparable provision of the law will be found in Rem. & Bal. Code, § 1465, which provided for a homestead for the widow and children of a deceased husband; the property set aside to be "exempt from all claims for the payment of any debt, whether individual or community."

Section 1474, Rem. Rev. Stat. [P. C. § 9894], above referred to, clearly contemplates the selection of a statutory homestead by the surviving spouse in the manner provided by law; it being clearly the intention of the statute that the surviving spouse shall receive out of the estate of the deceased spouse, whether separate or community, property of the value of three thousand dollars, which shall be free from all claims against the estate, save the funeral expenses, expenses of the last sickness, and cost of administration, which must be either paid or provided for before any award may be made.

The contrast between the present law and the statute as it previously existed is marked. Under the old law, only the widow or minor children could make the claim, and it was expressly provided that property set over should be exempt from the payment of individual or community debts. This law gave the widow or minor child the right to claim a statutory homestead, if none had been claimed previously. The present statute contains no such express exemption provision, but simply takes the property awarded out of the estate and vests the absolute title thereof in the person in whose favor the award is made. The statute also enlarged the

classes of beneficiaries, adding the widower and placing him upon an equal footing with the widow, also increasing the amount to be set aside to three thousand dollars.

The statute now in force evidently contemplates, in proper cases, the selection by the surviving spouse of the statutory homestead, Section 1474, above referred to. The three thousand dollars in value, which may be awarded to the surviving spouse, may consist of real or personal property, or both. It shall include the home and household goods, if any, but may consist solely of cash. Whatever the nature of the property may be, it is entirely removed from the probate proceeding, and is not liable for debts proved therein. It, of course, remains subject to specific liens.

Appellant contends that the statutory exemption goes further, and that the property so awarded is not liable for the separate debts of the spouse who receives it. If this construction should be placed upon the statute, it is, of course, a considerable extension of any preexisting law. Under the old statute, the surviving husband had no right of homestead, save the ordinary statutory right. The present law gives him three thousand dollars in property, free of the debts provable against the estate. If appellant's contention is correct, it also makes this property, whether awarded to the widower or the widow, free from his or her separate debts, and in this connection it is difficult to understand why any distinction should be drawn between preexisting separate debts and those subsequently incurred. In the act of 1917, the legislature omitted the provision that the property set aside should be exempt from all claims for the payment of any debt, simply exempting such property from liability for claims proven against the estate.

It is elementary that property is not exempt

from execution unless expressly made so by statute. Of course, homestead and exemption statutes, being remedial in their nature, should be liberally construed in favor of the beneficiaries thereof, but the basic principle as above stated remains. While almost all the states, if not all of them, have by statute preserved to a widow the homestead declared by her husband, the rule is laid down in 29 C. J. 994 (§ 470) that

"In the absence of some special authorization by organic law or legislation, the homestead exemption does not continue after the death of the homesteader in favor of the widow or minor children, although they may be living on the property."

This court many years ago laid down the rule that, after payment of community debts, the share of the community property belonging to the decedent became liable for his separate indebtedness. *Columbia Nat. Bank v. Embree,* 2 Wash. 331, 26 Pac. 257; *Crawford v. Morris,* 92 Wash. 288, 158 Pac. 957. In the latter case, in the course of its opinion, this court said:

"The lower court correctly applied the rule of *Columbia Nat. Bank v. Embree,* 2 Wash. 331, 26 Pac. 257, that, while the community property is immune from a separate debt during the lifetime of the spouse, it is open to attack after death, a rule recognized also in *In re Hill's Estate,* 6 Wash. 285, 289, 33 Pac. 585. . . . Our statute does not pass his half to the surviving spouse and so continue the solidity of the joint estate. It divides it. It makes it plainly separate then, so we hold it subject to separate debts. The legislatures in the many years that have passed since the *Embree* decision have been at no pains to alter the statute so as to escape this interpretation of it."

Appellant argues that, because a claim upon the note in respondent's favor was presented to her as administratrix of her husband's estate and allowed, and because the identical property awarded to her, as above set forth, was inventoried in her husband's

estate and could not therein be subjected to payment of the claim based upon the note owned by respondent, the property became forever exempt from any liability on the note.

Respondent's claim upon his note was three-fold: First, a claim against J. W. Butler; second, one against appellant, Emma K. Butler; and third, against the community composed of Mr. and Mrs. Butler, as husband and wife. These obligations were joint and several, and so remained. In a memorandum brief filed after the argument, appellant expressly admits that there is a separate liability against her, based on the note, but she strenuously contends that the property which respondent attached is not subject to the payment thereof. Appellant, of course, had at all times, and has now, the statutory right of homestead, and may exercise her rights under that statute, if there be any property upon which the same may operate.

Appellant argues that it cannot be the intention of the law that a surviving spouse may receive the three thousand dollar award out of the separate property of the deceased spouse and that a creditor of the surviving spouse, his claim based upon his or her individual debt, may then satisfy his claim out of property which, during the existence of the marriage relation being the separate property of the other spouse, was beyond his reach. Such a situation very often occurs, as in the cases above cited. Property is not exempt because it is inherited. *Crawford v. Morris, supra.* Appellant here is in the same position as though the note sued on by respondent had been her own individual note, upon which no one but herself was liable. The filing of the claim against the estate nowise diminished appellant's liability on the note or the rights of the holder thereof as against her.

In the case of *Greer v. Robinson,* 149 Wash. 659,

272 Pac. 28, a question very similar to that here presented was determined adversely to appellant's contention. It appeared that Clyde and Mary Greer were husband and wife, and the owners of certain property. December 26, 1926, Mr. Greer died intestate. His estate was thereafter administered, and in the course of the probate thereof certain property was awarded to Mrs. Greer, pursuant to the statute hereinabove quoted. During the month of May, 1927, a money judgment was rendered against Mrs. Greer for her separate debt, the same not having been a debt of her deceased husband, or one for which the marital community was liable. A few months later, the judgment creditor caused an execution to be issued upon the judgment and levied upon some of the personal property which had been awarded to Mrs. Greer in the probate proceeding. She immediately brought suit, asking for an injunction restraining the sheriff from selling the property, which she claimed to be exempt. The trial court declared the property free from claim under the execution, and the judgment creditor appealed. This court, discussing the question presented, said:

"It is conceded, indeed it seems plain, that Mrs. Greer's interest acquired in this property by virtue of the order of the court made in the administration proceeding, became entirely freed from liability upon all obligations provable as debts of the estate. Does that argue that her interest in the property so acquired, it manifestly thereby becoming wholly her separate property, is exempt from execution in satisfaction of her separate debt evidenced by the judgment upon which the execution was issued? We think not. Statutes of this nature, while having the effect of freeing awards of property or money made thereunder from the burden of provable debts of the estate, are not strictly exemption statutes, but are viewed by the courts more in the nature of distribution or preferred creditor statutes. *Griesemer v. Boyer & Rex,* 13 Wash. 171, 43 Pac. 17; *In re Lavenberg's Estate,* 104 Wash.

515, 177 Pac. 328; *In re Andrews' Estate,* 123 Wash. 546, 212 Pac. 1073.

"It seems to us that the concluding language of § 1473, 'the awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions,' means nothing more than that the spouse to whom the award is made takes the award freed from the burden of all debts provable against the estate; that is, as a distributee or preferred creditor of the estate."

After concluding that property distributed under the statute to a surviving spouse became the separate property of the distributee, the court held that questions arising in connection with claims that such property was exempt from execution in satisfaction of the separate debt of the distributee's spouse must be determined without consideration of § 1473, *supra,* and under the general homestead and exemption statutes. It was held that the trial court had erred in granting Mrs. Greer injunctive relief, and that no basis existed for her claim that the property which had been awarded to her out of the estate was free from liability from execution and sale in satisfaction of a judgment rendered against her upon her separate debt.

Appellant attempts to distinguish the case just referred to by calling attention to the fact that, in that case, it was stated that the debt upon which Mrs. Greer was sued was not a debt due from her deceased husband, or one upon which the marital community was liable. Whether or not the debt was incurred by Mrs. Greer before or after the death of her husband does not appear, but the time of the inception of the liability would appear to be immaterial. We are satisfied with the rule laid down in the *Greer* case as to the nature of the statute upon which appellant relies, which we held was not strictly an exemption statute, and as to the effect to be given to the last sentence of the sec-

tion, which we limited in its effect to giving to the surviving spouse a position analogous to that of a preferred creditor.

The rule laid down in the *Greer* case is controlling here. Respondent had against appellant a claim, upon which she and her separate estate were liable. The situation here is just as though respondent had not filed his claim in the estate at all, but had sued appellant alone and recovered a judgment against her.

The trial court did not err in refusing to discharge the writ of attachment, and the order appealed from is affirmed.

MILLARD, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.