[No. 16314.  *En Banc.*  November 8, 1921.]

*In the Matter of the Estate of* ARTHUR E. HOOPER.[1]

EXECUTORS AND ADMINISTRATORS (58, 59)—ALLOWANCE TO SURVIV-ING WIFE—MAINTENANCE OF "FAMILY" — STATUTES — CONSTRUCTION. Under Laws 1917, ch. 156, §§ 103, 104, providing for a homestead to a surviving spouse not exceeding in value $3,000 out of either separate or community property, and that in case a homestead had been selected, not exceeding $2,000 in value, the court shall award the surviving spouse other property so that the total value of home-stead and other property shall not exceed $3,000, which shall be free from further administration, a widow to whom had been devised the equity in their home worth $1,370.63, and household furniture worth $300, was entitled to an award of a money judgment against the estate sufficient to bring her allowance to $3,000, notwithstand-ing she was made a residuary legatee to a one-third interest in prop-erty of the value of $6,468.75.

SAME (58, 59).  Under Laws 1917, ch. 156, § 106, providing for a further reasonable allowance of cash out of an estate as may be necessary for the maintenance of the family during the settlement of the estate, a surviving wife is entitled to such allowance, though there are no minor children or other dependents on her.

SAME (59).  A widow constitutes a "family" upon the death of her husband, though she is without children or may have children all of age.

SAME (62)—SUPPORT OF FAMILY—STATUTES—CONSTRUCTION.  Stat-utes providing for allowances to the survivor of a decedent are strongly favored in law, rest in sound public policy, and should be liberally construed.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 14, 1920, upon findings in favor of the petitioner, granting an allowance to a surviving wife pending administra-tion of an estate, after a hearing to the court. Af-firmed.

*Luby, Pearson & Dillard* and *Stephens & Jack,* for appellants.

*E. C. Matthias* and *Graves, Kizer & Graves,* for respondent.

[1] Reported in 201 Pac. 740.

HOLCOMB, J.—The last will and testament of the decedent, in the form of a nonintervention will, was duly admitted to probate. By it, after providing for the payment of debts, expenses of last sickness and funeral expenses, he bequeathed to two of his relatives bequests amounting to $1,000. He bequeathed to his surviving spouse, Adeline R. Hooper, his equity in his dwelling house and home, together with the household goods and furniture owned by him or in which he had an interest at the time of his death. He devised certain other real estate to his daughter for life, with the remainder to his two sons; the residue of the estate he devised and bequeathed to his wife and two sons, Henry Arthur, and Robert Norman Hooper, share and share alike, as tenants in common, in fee simple.

The home devised to the wife had been purchased under a contract of purchase, the unpaid purchase price being payable in monthly installments. The widow, being left without means or substance, was unable to make the monthly installment payments upon the residence, and she filed a petition in the lower court praying that the residence and household furniture, and such other property as she might be entitled to, be set apart to her, and that, in addition thereto, a money allowance should be made to her sufficient to maintain her according to her circumstances, during the settlement of the estate. The executors joined issue upon this petition and resisted the allowances. The trial court, after a hearing, made findings substantially as follows:

That the petitioner is the surviving spouse and that there are no minor children of petitioner and the deceased; that debts having priority, after due notice to creditors, have been paid, and the estate is solvent; that petitioner was residing with deceased and was de-

pendent upon him; that the property of the estate is separate property; that deceased left a will by which he gave to the widow his equity in the dwelling house and home, together with the household goods and furniture; that the will specifically disposed of certain property; that the will contained a residuary clause as follows:

"I give, devise and bequeath all of the rest, residue and remainder of my estate of every kind and character, whether real, personal or mixed, wheresoever the same may be situated, and of whatever the same may consist, not otherwise disposed of by this my last will and testament, to my wife Adeline R. Hooper and to my sons Henry Arthur Hooper and Robert Norman Hooper share and share alike as tenants in common, in fee simple."

That the home devised to the widow, or the equity therein, was worth $1,370.63, and the household furniture bequeathed to her was worth $300; that the widow was without means; that no homestead had been selected prior to decedent's death; that the property not specifically devised and which passed under the residuary clause of the will was of the value of $6,468.75, exclusive of interest. The court therefore concluded that petitioner was entitled to have the equity in the dwelling house set aside to her, and the furniture, and $1,329.37 out of other property not specifically bequeathed or devised, and that the executors should sell and dispose of so much as might be necessary to enable them to pay the above sum to the petitioner.

A decree was thereupon entered awarding the widow the home given her by the will, the household furniture, and $1,329.37, as a money judgment against the estate, and authorized the executors to sell sufficient of the estate to pay this money judgment. No statement of facts is brought up.

Appellants did not resist the award of the home and household furniture, but insist that the court erred in concluding that respondent was entitled to any property in addition to the dwelling house and furniture bestowed on her by the will. It is contended that the whole proceedings are governed by §§ 103 and 104 of the probate code, ch. 156, Laws of 1917, page 642 *et seq.* Section 103, p. 670, provides for the setting apart of a homestead not exceeding in value $3,000, when one has not been claimed in the manner provided by law by the decedent, to the surviving spouse, if any, and out of either separate or community property. Section 104, p. 671, provides, in the event a homestead has been selected in the manner provided by law and the value thereof would not exceed $2,000 exclusive of incumbrances, in addition thereto, the court, upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, shall set off and award to the surviving spouse other property, either separate or community, so that the total value of the homestead and other property awarded, exclusive of liens, shall not exceed $3,000, and that when such property shall be so awarded it shall not be subject to further administration. The proviso to § 104 reads as follows:

"Provided, That the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue of the surviving spouse and the deceased."

Appellants therefore argue that this proviso precludes the setting aside of any property out of the residuary estate involved herein, for the reason that the residuum is "otherwise disposed of" and that there is

no minor child living as the issue of the surviving spouse and the deceased. They urge that the legislature intended to distinguish between an allowance for a widow with children and a widow without children. If there were surviving children this allowance could be taken from any property; if there were no surviving children, this allowance could not be taken from any but community property.

Counsel for the parties, respectively, use much space in discussing the meaning and intent of the words "otherwise disposed of" in the proviso to § 104. We think the proviso and the exact meaning of those words are immaterial as to this matter.

Section 106, p. 672, of the probate code is as follows:

"In addition to the awards herein provided for, the court may make such further reasonable allowance of cash out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate, and any such allowance shall be paid by the executor or administrator in preference to all other charges, except funeral charges, expenses of last sickness and expenses of administration."

Appellants contend that respondent based her petition specifically upon §§ 103 and 104 of the probate code. We observe that she did so only with respect to the homestead property and the household goods, and her petition further prayed "for an allowance for her maintenance pending administration." That was sufficient to give the court jurisdiction and authority to make a further allowance under § 106.

The proviso to § 104 only restricts the awards provided for in it and the next preceding section, § 103, so that they should not be taken from the separate property of the deceased which is otherwise disposed of by will where there is no minor child living, etc.

Section 106 contains no such restriction, and its only limitations are that a reasonable allowance be made, and that an allowance is necessary to the maintenance of the family according to their circumstances, during the settlement of the estate, and that only funeral expenses, expenses of last sickness and of administration shall be preferred charges to that allowance.

It may be contended that § 106, providing for further allowance for the maintenance of the "family", does not warrant an allowance for the maintenance of. the surviving wife where there are no minor children or other persons dependent upon the surviving wife. A widow constitutes a family upon the death of her husband though her children were all of age. *Aultman, Miller & Co. v. Price,* 68 Kan. 640, 75 Pac. 1019, and a widow without children constitutes a family. *Moore v. Parker,* 13 S. C. 486.

Statutes providing for allowances to the survivor of a decedent rest in a sound public policy and should be liberally construed for the purpose of effecting the object intended. *In re Heilbron's Estate,* 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602; *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328. They are strongly favored in law. *In re Whitney's Estate,* 171 Cal. 750, 154 Pac. 855.

We are strongly of the opinion that the legislature did not intend to restrict the meaning of the word "family" in § 106 to a collection of persons under one domestic roof, especially since in §§ 103 and 104 the provisions were for the benefit of the surviving spouse regardless of whether there were any minor children or any other persons constituting the family, except as to the proviso to § 104.

In § 106, if we construe the word "family" to be the surviving spouse, as we think it should be, in order to

give a liberal interpretation, the court is clothed with ample power to make the award made herein.

All the findings necessary to support the award were made by the court. It may often be, as here, that no property save separate property can be found out of which to make such an allowance to the surviving spouse. That is of no consequence, however, for as a rule the estate of the decedent in this state consists mostly of community property of which the share of the surviving spouse may generally be sufficient for the maintenance of the surviving spouse during the pendency of the administration. If there be no community estate, however, the surviving spouse, especially when it is the wife, is often in the most necessitous circumstances, and this it is the beneficent purpose of this statute to relieve.

We therefore conclude that the judgment of the lower court is correct, and it is affirmed.

Parker, C. J., Mackintosh, Tolman, Main, Mitchell, Hovey, and Bridges, JJ., concur.