[No. 18398.    Department One.    May 6, 1924.]

*In re Estate of* CHARLES A. VAN DUYN, *Deceased.*

CORNELIUS S. VAN DUYN *et al., Respondents,* v. NELA SMITH VAN DUYN, *as Executrix etc., Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (59, 60)—FAMILY ALLOWANCE— PERSONS ENTITLED—RESIDENT MEMBERS OF FAMILY.    Rem. Comp. Stat., § 1476, providing for an allowance for the maintenance of the family of the deceased authorizes an allowance to minor children, although not members of the household of the decedent at the time of his death and not children of the surviving widow.

Appeal from an order of the superior court for Spokane county, Lindsley, J., entered April 7, 1923, granting an allowance for the support of minor children pending administration of an estate.    Affirmed.

*James P. Dillard* and *John V. Pearson,* for appellant.

*William S. Lewis,* for respondents.

HOLCOMB, J.—This appeal is from an order making an allowance for the support of minor children of the decedent.

The allowance was for $25 per month for the support of two minor children of Charles A. Van Duyn, deceased, who, from the force of circumstances, were compelled to live with their grand-parents—or one of them living part of the time with an aunt in Portland,

[1]Reported in 225 Pac. 446.

where he attends high school during the school year. The reasonableness of the allowance is not contested.

The contention is that the court erred in making any allowance. It is conceded that the children were not, at the time of the death of their father, members of his immediate family and household, but that they were members generally of the household of their grandparents, in Okanogan county.

Appellant contends that, since the allowance is of purely statutory origin, no provision being made by the common law for supplying the wants or ministering to the necessities of the widow and children immediately after the death of the head of the family (24 Cyc. 230), there can be no award except where the children are resident members of the family of the deceased.

It is not disputed that these children are sons of the deceased; that they are minors; that their circumstances necessitate support.

The statute provides, § 1476, Rem. Comp. Stat. [P. C. § 9896]:

"In addition to the awards herein provided for, the court may make such further reasonable allowance of cash out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate."

Appellant contends that a similar statute in California has been construed by the supreme court of that state so as not to permit of such allowances out of the estate of decedent to one who is not a member of the family at the death of decedent. *McSwain v. Craycroft,* 176 Cal. 280, 168 Pac. 117.

What the court decided was that, where an allowance, presumably sufficient, had been made to the widow for the support of the family, if the minor daughter left the family home and went to live with

others without cause, the persons with whom she went to live, or her guardian, would have to look to the mother for the support of the child, and would not be entitled to an allowance for her care out of the estate, unless the mother was at fault in the matter; and that the court had no power to direct the payment of an additional allowance to the persons with whom the child went to live, without proof that the mother was unfit to care for the child, or that she was neglecting her duty in that regard. There are no such facts here, which distinguishes the case before us from that.

We decided in *In re Gorkow's Estate,* 20 Wash. 563, 56 Pac. 385, that even an illegitimate minor child, who had been acknowledged as the child of the deceased, although not living with or a part of the immediate family of deceased, was entitled to such an allowance. The court said:

"Our statute . . . is mandatory. . . . Morally and legally the testator was under obligations to maintain and support his child. . . . It is sufficient to hold that he comes within the terms of the statute for an allowance from the estate pending its settlement."

The difference between the present statute which we have quoted and the statute then controlling was that the statute then provided for the "widow and child or children," instead of for the maintenance of the family according to their circumstances. Here the minor children were members of the family of the deceased, although not members of his household at the time of his death, and not children of his surviving widow.

As to their non-residence with the surviving widow in Spokane county, and not of the household, the court held in *Griesemer v. Boyer,* 13 Wash. 171, 43 Pac. 17, that a non-resident who was otherwise entitled to the

allowance under the statute would not be deprived thereof because of non-residence in the state.

The judgment is affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.