[No. 18344.    *En Banc.*    July 31, 1924.]

## *In the Matter of the Estate of* Conrad Behre, *Deceased.*[1]

Wills (68, 69)—Construction — Bequests — Residuary Clause. A bequest of "all the cash money together with any mortgages of which I may be possessed at the time of my death," does not include a mortgage owned by the testator at the time the will was made which he had foreclosed and bid in; since the same was, at the time of his death, real estate passing under the residuary provisions of the will to another.

Executors and Administrators (58, 59)—Allowance to Widow —Property not Otherwise Disposed of. The separate real estate of the testator devised in a residuary clause to the surviving wife, may be set aside for her homestead, under Rem. Comp. Stat., §§ 1471-1475; since the same is not "otherwise disposed of," within Id., § 1474, providing that separate property which is otherwise disposed of shall not be set aside as a homestead in the absence of minor children.

Same (59)—Allowance to Surviving Wife. Under Rem. Comp. Stat., § 1476, a widow constitutes the "family" and is entitled to a cash allowance for maintenance, although she has no minor children.

Same (59). Under Rem. Comp. Stat., § 1476, a surviving wife is entitled, in addition to homestead awards, a reasonable allowance for necessary maintenance according to her circumstances, during the settlement of the estate, from the date of the husband's death.

Fullerton, J., dissents.

Appeal from orders of the superior court for King county, Dykeman, J., entered July 10, 1923, construing a will, denying allowances and directing distribution of an estate. Reversed.

*Stratton & Kane* and *Van Dyke & Thomas,* for appellant.

*Carroll B. Graves,* for respondents.

[1]Reported in 227 Pac. 859.

PEMBERTON, J.—This is an appeal by Helen Behre, surviving wife of Conrad Behre, deceased, from an order and decree made in favor of Dora Fischer and Lorenz Behre, individually and as executrix of the estate of decedent, and against appellant.

Conrad Behre died on or about the 8th day of June, 1922, leaving a non-intervention will, whereby respondents Dora Fischer, his daughter, and Lorenz Behre, his son, were appointed executrix and executor of his estate. After the appointment and qualification, they filed, on the 19th day of February, 1922, a petition and report in part as follows:

"That at the time of making his last will aforesaid, the deceased was the owner and possessed of another mortgage, in which he had invested proceeds from certain property belonging to him and to your petitioners, which was the community property of himself and his deceased wife, mother of your petitioners; that prior to his death, and in order to protect said investment, the deceased foreclosed said mortgage, and became the purchaser thereof at the foreclosure sale to satisfy the mortgage, interest and costs; and a short time prior to his death, he received a sheriff's deed for said property. Said mortgaged property is described as lot 3, block 9, Plat of McAleer's Supplement to Seattle Homestead Addition to the City of Seattle.

"That said deceased, upon devising to his two children, petitioners herein, and to his wife, the real property first above described, and after specifically bequeathing to his said son and daughter all of the cash money and all mortgages, was not possessed of any residue of his estate save and except the household furniture, but added a residuary clause to his said will whereby he bequeathed and devised to his said wife all the rest and residue of his estate.

"That your petitioners claim they are entitled to the real estate last above described for the reason that the same is the property which was held under the mortgage bequeathed to them, and that the only change

affected by the foreclosure proceedings was a change in the character of the interest of the deceased in the property covered by the mortgage; and Helen Behre, one time wife of said deceased, claims to hold said property under the residuary clause above stated.''

To this petition and report, appellant filed objections in substance as follows:

''(1)   She objected to all items of indebtedness not served and filed within six months from the date of the first publication of notice to creditors.

''(2)   She demanded that strict proof of all items of debts, expenses and charges of administration.

''(3)   She objected to the claim of the executrix and executor that lot 3, block 9, Plat of McAleer's Homestead Addition to the City of Seattle, King County, Washington, is not a part of the residuary estate, and submitted that said lot, under the terms of said will, is a part of the residuary estate of said decedent.

''(4)   She objected to that part of said report and petition wherein the sale of the residuary estate is sought for the purpose of paying the debts and expenses of administration.''

Appellant, on the 15th day of March, 1923, as surviving widow of the deceased, filed her petition for the allowance of exemption in lieu of homestead and for family allowance.   The report and petition of the executrix and executor, the objections thereto, and the petition of the widow for homestead exemption and family allowance, were heard at the same time.

The will provided in part as follows:

''And I further give, and bequeath and devise to my daughter, Dora Fischer, nee Behre, and my son, Lorenz Behre, all my cash money, together with any mortgages with which I may be possessed at the time of my death, share and share alike; in other words the same to be divided between them in equal parts.''   (Par. 2.)

Paragraph 3 reads:

"I give, bequeath and devise to Helen Behre, my wife, all the rest and residue of my estate of whatever name, nature, title or description, real and personal or mixed, absolutely and unconditionally; to have and to hold the said property unto herself, as heretofore above specified, her heirs and assigns forever."

At the time of the execution of the will, there was a certain real estate mortgage upon lot 3, block 9, plat of McAleer's Homestead Addition to the City of Seattle. Prior to the time of the death of the testator, this mortgage had been foreclosed and the real estate purchased by the deceased at the mortgage foreclosure sale.

The trial court found that the property passed to the children of the deceased under paragraph 2. Appellant contends that this property passes to her as residuary legatee under paragraph 3 of the will.

It is the contention of respondent that it was the intention of the testator to give to respondents the mortgage in question because it was held by the testator at the time of the execution of the will, and the fact that the property was foreclosed and purchased by the testator prior to his death would not defeat the bequest that clearly shows the intention to give this mortgage to respondents. Appellant contends that, if the mortgage were devised to respondents under the provisions of the will, it would be considered as a specific devise and a material change in the form of the property would be what is known as an ademption, and would pass under the residuary provisions of the will to appellant. Many authorities are cited by both appellant and respondents on the question of ademption. We are of the opinion, however, that under the provision bequeathing "all of the cash money together with any mortgages of which I may be possessed at

the time of my death," does not bequeath the mortgages or money held by the testator at the time of the execution of the will, but restricts the bequest to the cash money and the mortgages at the time of the death of the testator and the property in question, being real estate, passed under the residuary provisions of the will to appellant.

The court disallowed the petition for a homestead under §§ 103-105, Laws of 1917, ch. 156, pp. 670-672 [Rem. Comp. Stat., §§ 1471-1475], upon the theory that the property, being the separate property of the testator and "otherwise disposed of by will," it was not subject to the homestead allowance under the proviso in § 104, as follows:

"*Provided,* That the awards in this and the next preceding section provided for, shall not be taken from separate property of the deceased, which is otherwise disposed of by will, where there is no minor child living as the issue of the surviving spouse and the deceased." [Rem. Comp. Stat., § 1474.]

Under this provision, the homestead award cannot be taken from the separate property of the deceased which is "otherwise disposed of by will," where there are no minor children living as the issue of the widow and the deceased. This provision, however, refers only to the property devised or bequeathed to others than the widow; and the property passing to the appellant under the residuary provisions of the will is not otherwise disposed of, and is subject to the claim of appellant for her homestead in the amount of $3,000.

The court also denied the request for family allowance. This allowance should have been granted under the rule announced in *In re Hooper's Estate,* 117 Wash. 463, 201 Pac. 740. In that case the facts were very similar to this. The property was separate property

IN RE BEHRE'S ESTATE.

Opinion Per PEMBERTON, J.

of the deceased husband. There were no minor children. All the property was specifically devised except that which was given under the residuary provision of the will to the widow and two adult sons. Under these facts, the request for family allowance was granted.

Section 106, ch. 156, Laws of 1917, p. 672, provides as follows:

"In addition to the awards herein provided for, the court may make such further reasonable allowance of cash out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate, and any such allowance shall be paid by the executor or administrator in preference to all other charges, except funeral charges, expenses of last sickness and expenses of administration." [Rem. Comp. Stat., § 1476.]

Under the above section, appellant is entitled to a reasonable allowance for her necessary maintenance according to her circumstances during the settlement of the estate from the date of the death of her deceased husband.

The court having denied appellant the right to the property in question, she had no standing in court, and her objections to the report and petition were not considered. The decree of the trial court is reversed, with directions to hear the report and petition of respondents and objections thereto, and enter final decree consistent with the views herein expressed.

MAIN, C. J., PARKER, HOLCOMB, BRIDGES, MACKINTOSH, and TOLMAN, JJ., concur.

FULLERTON, J., dissents.