[No. 22721.  Department Two.  December 15, 1930.]

*In the Matter of the Estate of* RENE HILLEWARE, *Deceased.*[1]

*Walter B. Allen,* for appellant.

*A. E. Jonson,* for respondent.

FULLERTON, J.—On July 4, 1928, one Rene Hilleware died testate in King county in this state. He left as his heirs-at-law his widow, Clara M. Hilleware, the respondent in these proceedings, and his daughter, Theresa H. Penney, the appellant herein, the issue of a former marriage. In his will the decedent named his daughter as the executrix of his estate, devising to her also the major part of the property of which he died seized. The daughter qualified as such executrix, and proceeded with the administration of her trust. During its progress the widow petitioned for and was, under an order of the court bearing date of October

[1]Reported in 294 Pac. 230.

28, 1928, awarded an allowance of one hundred seventy-five dollars per month for her support pending the administration proceedings.

A few days prior to the time limited by law for instituting a proceeding to contest the will, the widow instituted such a contest. The estate was then ready for settlement, and on the petition of the executrix, the court entered an order discontinuing the allowance from and after March 4, 1929, until the termination of the contest proceedings.

The proceedings in contest of the will were heard by the court in April, 1930, and resulted in a decree dismissing the proceedings. There was pending at that time an application by the widow for a further allowance for maintenance and support, and it was stipulated by the parties that the issue presented by the application might be heard and determined by the court on the evidence introduced at the hearing in contest of the will. At the conclusion of the will contest, and after the decree had been entered therein, the court made the following order:

"Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED, That Clara M. Hilleware, the surviving widow of said deceased, be, and she is hereby awarded the sum of One Thousand and Fifty (1,050) Dollars as an additional allowance as such surviving widow, and which sum shall be over and above all other allowance heretofore awarded her as such surviving widow, and that the said estate, and the executrix thereof, shall pay the said sum to the said surviving widow forthwith;

"IT IS FURTHER ORDERED, ADJUDGED and DECREED, That the said executrix of said estate, and her attorney, W. B. Allen, be, and they are hereby directed to forthwith account to the said surviving widow, Clara M. Hilleware, for the first allowance awarded her, being the sum of $1,400, and pay the balance thereof to the said surviving widow forthwith.

582

"It Is Further Ordered, Adjudged and Decreed, That upon said allowances being paid to the said surviving widow, she will thereupon forthwith vacate and surrender up possession of the home place of said estate, and which she now occupies.

"And It Is Further Ordered, Adjudged and Decreed, That each and all of the orders heretofore made in this matter which are in conflict herewith be, and they are hereby modified to conform herewith. Said sums shall be a lien on the property of said estate."

The appeal before us is by the executrix from the last mentioned order.

The evidence the court had before it when making the order from which the appeal is taken has not been brought up with the record, and no question of fact is presented for our determination. The position of the executrix is that the court, in making the first order of allowance to the widow for her support and maintenance, exhausted its jurisdiction in that regard, and that the second order is void for want of power in the court to make it.

The statute governing probate proceedings, after making certain provisions relating to homesteads and exemptions and the support of the minor children of a decedent, contains this further provision:

"In addition to the awards herein provided for, the court may make such further reasonable allowance of cash out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate, and any such allowance shall be paid by the executor or administrator in preference to all other charges, except funeral charges, expenses of last sickness and expenses of administration." Rem. Comp. Stat., § 1476.

Our holdings have been that statutes of this sort rest in a sound public policy and should be liberally construed for the purpose of effecting the object

intended. *In re Hooper's Estate,* 117 Wash. 463, 201 Pac. 740. The cited case also holds that a widow, although she may have no children or other dependents, constitutes a "family," within the meaning of the statute. As to the rule of construction to be applied to the statute, our later cases are to the same effect. *In re Andrews' Estate,* 123 Wash. 546, 212 Pac. 1073; *In re Van Duyn's Estate,* 129 Wash. 528, 225 Pac. 446; *In re Behre's Estate,* 130 Wash. 458, 227 Pac. 859.

The statute, it will be observed, does not in terms declare that an allowance once made has the attribute of finality. Nor could its evident purpose be best subserved by giving it that attribute. Allowances to a family for support pending an adminstration proceeding are required to be reasonable. An allowance made for this purpose may, when made, prove to be such, but may later, because of changed conditions or changed circumstances, be wholly unreasonable; it may prove to be too great or too small and that justice to the parties affected requires its modification. It is our view that the legislature intended the statute to meet these conditions, and we cannot conclude that such an order once made is so far final as to preclude change or modification.

It is our opinion that the trial court, in making an additional allowance to the widow, acted within its powers, and that its order must be affirmed. It is so ordered.

MITCHELL, C. J., BEALS, HOLCOMB, and MILLARD, JJ., concur.