[No. 27386. Department Two. March 15, 1939.]

*In the Matter of the Estate of* MARY E. MONIGHAN, *Deceased.*

I. MONIGHAN, *Appellant,* v. MRS. C. F. YATES, *Individually and as Executrix, Respondent.*[1]

*E. O. Connor,* for appellant.

*Carl P. Lang,* for respondent.

BLAKE, C. J.—Mary E. Monighan died testate in June, 1936. Surviving her were her husband, Isaiah Monighan, their son George and their daughter Mrs. Yates. The will, which was nonintervention in character, di-

[1]Reported in 88 P. (2d) 403.

rected that her property be sold and that the proceeds be divided one-half to her husband and a fourth each to her children. She directed, however, that her husband should receive thirty dollars a month from the date of her death, and that the proceeds from the sale of the property should be paid to him at that rate until his share was exhausted. The will further provided that, in case he died before receiving his full share, the remainder should go to her daughter Mrs. Yates. The latter was named executrix without bond.

The property has not been sold. But from June, 1936, to May, 1938, inclusive, the executrix paid to her father thirty dollars a month as directed by the will.

The property of the estate consisted of a tract of land upon which was situated a service garage, a house in which the family resided, and a small amount of personal property. All of the property was inventoried as the separate property of Mrs. Monighan.

In April, 1938, Mr. Monighan filed two petitions in the probate proceedings. One was a petition to set aside a homestead. By the other, he sought an adjudication to the effect that the property of the estate was community in character. The trial court found that the property was the separate property of Mrs. Monighan; that it had all been disposed of by will, and that there were no minor children. Accordingly, a decree was entered dismissing both petitions. From the decree so entered, petitioner appeals.

The real estate consists of one tract that was acquired in two parcels at different times. Title to the first parcel was taken in Mrs. Monighan's name on December 5, 1919. On March 18, 1920, Monighan executed a quitclaim deed of this property to Mrs. Monighan. Title to the remainder of the tract was taken in the name of Mrs. Monighan on December 22, 1924.

On the same day, Monighan quitclaimed the tract to Mrs. Monighan by a deed reciting: "The purpose of this deed is to make said property the sole and separate property of Mary E. Monighan."

There is some evidence that at least the first parcel was acquired with separate funds of Mrs. Monighan. But, laying aside the source of the funds with which the entire tract was acquired, we think that the quitclaim deeds from appellant to Mrs. Monighan established the separate character of the property as of the dates they were executed.

The rule is that, when one spouse deeds a community interest in property to the other, the property becomes the separate property of the grantee spouse unless there is clear and convincing evidence that such was not the intention of the parties. *In re Carmack's Estate*, 133 Wash. 374, 233 Pac. 942.

The evidence in this case, instead of casting doubt upon the intention of the parties to establish the separate character of the property, confirms the view that the purpose of the quitclaim deeds was to establish title to the land in Mrs. Monighan as her separate property. She executed leases to the garage. Monighan himself at one time operated the garage under lease from her. He took bankruptcy in 1925 and did not list the property in his schedule of assets. In 1927, he was called into superior court in supplemental proceedings and made no disclosure of any interest or claim of interest in the property. Nor did he in either of those proceedings disclose any interest or claim of interest in any of the personal property inventoried herein as the separate property of Mrs. Monighan. We are convinced that all of the property described in the inventory, both real and personal, was the separate property of Mrs. Monighan at the time of her death.

■ Appellant contends that, subsequent to the bankruptcy proceedings, improvements were made upon the garage with money earned by him; that, by reason of such expenditures, the real property became impressed with a community interest to the extent of sixteen hundred dollars. The trial court made no specific finding as to whether the improvements were made with community funds. But it held that, if so, the appellant had been fully reimbursed by the payments made to him pursuant to the provisions of the will. We think, however, that the evidence in support of appellant's contention in this respect is wholly lacking in convincing force. The presumption is, where a spouse has separate resources, that improvements made on separate property are paid for with separate funds. *Guye v. Guye*, 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186; *In re Woodburn's Estate*, 190 Wash. 141, 66 P. (2d) 1138; *Federal Land Bank v. Schidleman*, 193 Wash. 435, 75 P. (2d) 1010. In our opinion, the appellant's evidence completely fails to overcome the presumption.

■ Appellant insists that, in any event, he is entitled to a claim of homestead under Rem. Rev. Stat., §§ 1473, 1474 [P. C. §§ 9893, 9894]. Where there are no minor children, the right to homestead in separate property is limited by the latter section to such property as may be undisposed of by will. The appellant contends, however, that, under the rule laid down in *In re Behre's Estate*, 130 Wash. 458, 227 Pac. 859, and *In re Schiffner's Estate*, 174 Wash. 134, 24 P. (2d) 434, he is entitled to claim a homestead, notwithstanding the limitation contained in Rem. Rev. Stat., § 1474.

The rule applied in those cases is that separate property left to the surviving spouse by the residuary clause of the will is not "otherwise disposed of" in contemplation of the limitation contained in Rem. Rev.

Stat., § 1474. It is apparent that appellant does not come within the rule. He is given what amounts to a specific bequest, although the amount cannot be definitely determined until the estate is reduced to cash. His share, as we have seen, is payable at the rate of thirty dollars per month during his life, with balance left to his daughter Mrs. Yates. Under the terms of the will, she, not he, is the residuary legatee.

Judgment affirmed.

MILLARD, BEALS, GERAGHTY, and SIMPSON, JJ., concur.