[No. 28912.    Department Two.    February 3, 1943.]

*In the Matter of the Estate of* JERRY VUKOV, *Deceased.*
GOLDEEN VUKOV, *as Administratrix de bonis non,*
*Appellant,* v. JERRY MAKALE, *Respondent.*[1]

*W. B. Magee* and *Arthur H. Hutchinson,* for appellant.

*Lloyd W. Shorett, John F. Evich,* and *Albert D. Rosellini,* for respondent.

BLAKE, J.—This is an appeal from an order dismissing a citation directed to Jerry Makale, former administrator of the above-entitled estate, issued upon motion of Goldeen Vukov, the present administratrix.

Jerry Vukov died in 1937. Upon petition of his widow, Goldeen Vukov, Makale was appointed ad-

[1]Reported in 133 P. (2d) 949.

ministrator of decedent's estate. The administration ran an irregular and unusual course. Although appellant stresses the irregularities attendant upon Makale's administration, it would be fruitless to pursue them since they can have no bearing upon the issues raised by the motion upon which the citation now before us was issued. Suffice it to say that, upon petition of the present administratrix, Makale was removed, and she was appointed in his stead. Upon hearing of the petition for his removal, Makale presented his account as administrator. The substance of the order of removal, which was entered November 22, 1940, is as follows:

"It is Hereby Ordered that the account of receipts and disbursements filed herein by Jerry Makale, as administrator be and the same is hereby approved and allowed, *except that the expenditure to Collins Bros. Funeral Parlors, under date of March 31, 1938, in the sum of $283.50 is neither allowed nor disallowed;*

"It is Further Ordered that the said Jerry Makale be removed as administrator of the estate and that Goldeen Vukov, the surviving spouse of Jerry Vukov be appointed in his place and stead and her bond fixed at $1,000; *and that upon qualification by such administratrix, Makale turn over to her all assets of the estate in his hands.*

"It is Further Ordered that Jerry Makale shall be and he is hereby allowed the sum of $50.00 for attorneys' fees herein." (Italics ours.)

The motion upon which the citation under consideration was issued was filed May 13, 1942, and was supported by the affidavit of W. B. Magee, attorney for the administratrix. The citation commanded Makale to appear at the time set for the hearing of "the motion of Goldeen Vukov, Administratrix de bonis non, to require [him] to pay into the above entitled estate certain sums of money claimed to be withheld by him unlawfully, to-wit: Seven Thousand, Six

Hundred Thirty-three Dollars and Fifty Cents ($7,-633.50) . . . "

Upon the hearing of the motion, the item of $283.50, which, on the hearing of the petition for Makale's removal, the court "neither allowed nor disallowed," was again brought in issue. In its order dismissing the citation under consideration, the court expressly approved the $283.50 item and discharged the administrator and exonerated his bond. The item was paid by Makale to intestate's father, who had advanced the amount on account of funeral expenses. Appellant offered no evidence as to the reasonableness of the charge, nor did she claim that the sum had not actually been paid by Makale to intestate's father. Under the circumstances, we do not see how the court could do other than approve the payment.

The item of $7,633.50 which Makale was called upon to account by the citation was in issue in cause No. 326171, superior court of King county—an action brought by the administratrix in her representative and individual capacities against her father-in-law, Makale, and others charging a fraudulent conspiracy to loot the estate of its assets. Upon the trial of that action, the court found Makale had loaned the intestate and intestate's father seven thousand dollars, which was used in the construction of a fishing vessel in which the intestate owned a one-twenty-second interest (under order of the court in the probate proceedings, the vessel had been turned over by Makale, as administrator, to the intestate's father). When the latter sold the boat, he paid Makale the seven thousand dollars and interest. The court, in cause No. 326171, found: "That none of the defendants, either individually, or in concert, with other defendants, defrauded or deprived the estate of Jerry Vukov, deceased, of any of its assets." A judgment was accord-

ingly entered dismissing the action as to Makale. No appeal was taken. That judgment is *res judicata* of the issue presented by the citation under consideration on this appeal. The order dismissing the citation is, therefore, affirmed.

SIMPSON, C. J., BEALS, ROBINSON, and GRADY, JJ., concur.