[No. 29390.   Department Two.   December 20, 1944.]

*In the Matter of the Estate of* DELBERT A. PUGH, *Deceased.*
ROVERTA BARTON, *Appellant,* v. ANNA PUGH,
*as Administratrix, Respondent.*[1]

*Fred M. Bond,* for appellant.

*John J. Langenbach* (*John T. Welsh,* of counsel), for respondent.

BEALS, J.—Delbert A. Pugh died testate September 27, 1941.   By his will he divided the bulk of his estate equally

[1]Reported in 154 P. (2d) 308.

between Anna Pugh, his wife, and Roverta Barton, a daughter by a former marriage. The will was admitted to probate by the superior court of this state for Pacific county, the widow having been appointed administratrix of the estate with the will annexed, December 26, 1941. January 30, 1942, the widow filed her petition praying for an allowance to her out of the estate in the sum of one hundred dollars per month, and on the same day an order was entered granting the petition. May 6, 1942, Mrs. Barton, who had entered her appearance in the proceeding, filed objections to the order making the allowance to the widow, basing her objections, *inter alia,* upon the ground that the order had been entered without notice and was therefore void. June 12, 1942, the widow petitioned for an allowance in lieu of homestead, which the court allowed over Mrs. Barton's protest, by order entered March 5, 1943. From this order Mrs. Barton appealed to this court, which reversed the order appealed from. *In re Pugh's Estate,* 18 Wn. (2d) 501, 139 P. (2d) 698.

The widow filed her final account as administratrix and her petition for distribution, August 19, 1943, stating in her account the amount due her under the order of January 30, 1942, granting her a family allowance, and asking that the total amount of the allowance be distributed to her. Roverta Barton filed exceptions to the final account, demanding that the widow's application for the amount claimed as family allowance be disallowed. December 2, 1943, the court heard the final account and the exceptions thereto, and February 18, 1944, the trial court reopened the matter to hear further evidence on the question of the family allowance. March 17, 1944, the court entered an order granting the widow a family allowance in the amount of seventy dollars per month from October 1, 1941, during the pendency of the probate proceeding. From this order, Roverta Barton has appealed.

Appellant assigns error upon the entry of the order awarding to the widow a family allowance in the sum of seventy dollars per month from October 1, 1941, until the distribution of the estate, contending that the amount al-

lowed is too large, and that in fact, upon the evidence, the widow was entitled to no allowance whatever.

■ Rem. Rev. Stat., § 1476 [P. C. § 9896], reads as follows:

"In addition to the awards herein provided for, the court may make such further reasonable allowance of cash out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate, and any such allowance shall be paid by the executor or administrator in preference to all other charges, except funeral charges, expenses of last sickness and expenses of administration."

Such statutes are liberally construed so as to give effect to the purposes for which they are designed. *In re Hooper's Estate,* 117 Wash. 463, 201 Pac. 740.

■ Appellant argues that the deceased was not a resident of the state of Washington, and that respondent neither was nor is a resident of this state, and that for this reason respondent is not entitled to a family allowance. It appears that respondent has passed at least the greater portion of the time since her husband's death in this state. Upon the former appeal, *supra,* this court held that the testator was domiciled in Indiana, at least up to the year 1927, but did not determine the question of his domicile after that year. In any event, the residence or domicile of the widow is immaterial, in so far as her right to a family allowance is concerned. The estate is in course of administration before the superior court of this state. This court, *In re Johnson's Estate,* 114 Wash. 61, 194 Pac. 834, in passing upon the right of a nonresident spouse to an award in lieu of homestead, said:

"No exception is made as to residence or nonresidence, and we are of the opinion that it makes no difference whether a nonresident has a home or homestead in some other state, he is entitled to what the laws of this state give to the spouse."

■ It is admitted that respondent received certain real property in the state of Indiana upon the death of her late husband, and that she receives some income from this property. The amount of this income is not large, but, even if

a widow has independent means, whether received from her deceased husband or otherwise, she is nevertheless entitled to receive, during the probate of the husband's estate, a family allowance as provided by statute. In the case of *Griesemer v. Boyer*, 13 Wash. 171, 43 Pac. 17, this court said:

"The allowance for the maintenance of the family according to their circumstances during the progress of the settlement of the estate is an allowance out of the estate which is being settled, and not an allowance out of some other estate. Neither does it seem to us that it depends upon the question of necessity, or of the capability of the wife to provide a good living for herself and children outside of the estate. It might eventuate that the wife was an accomplished musician or a noted lecturer, or that she could command a salary which would be amply sufficient to support herself and family, but that certainly, under the direct provisions of our statute, would not deprive her of the right to this support out of the moneys of the estate; and the fact that she has a separate estate of her own, no matter whether it came to her through the medium of a life insurance policy or in any other way, cannot be held to militate against her right to receive the allowance provided for by the statute."

Appellant also argues that respondent has unnecessarily delayed the closing of the estate. While it is true that considerable time has been consumed in the course of the probate proceeding, the record contains nothing which would support a holding that respondent administratrix acted in bad faith or even that she has been responsible for the delay. Respondent applied for and was allowed an award in lieu of homestead. Upon appellant's appeal, this court ruled that the order was erroneously entered and reversed the same. The opinion was filed July 13, 1943, and respondent filed her final account and petition for distribution August 19th following. The time which has elapsed since that date has been consumed by appellant's exceptions to the final account and by this appeal.

We hold that upon the record respondent was entitled to receive a family allowance during the course of probate of the estate.

Appellant next contends that the allowance made by the trial court in the sum of seventy dollars per month was too large, and that the court erred in making the allowance retroactive to October 1, 1941.

Respondent's first request for an order making a family allowance in her favor was heard by the court January 30, 1942, when the order granting respondent an allowance in the sum of one hundred dollars per month was entered. It appears from the record that respondent erroneously believed that she was entitled to receive compensation from the estate for her labor in caring for certain income property belonging to the estate, which property, under the testator's will, belonged half to her and half to appellant, as tenants in common. Respondent testified that she considered the one hundred dollars, which she asked for, both as compensation for her efforts in the care of the property and as a family allowance. In response to a question as to how she apportioned these two items, she testified that she considered seventy-five dollars per month as compensation and the remaining twenty-five dollars as a family allowance. Based upon this testimony, appellant argues that respondent admitted that twenty-five dollars per month was an adequate allowance for her maintenance, and that in any event she should receive no allowance in any greater amount.

Appellant's argument is not persuasive. Respondent at no time stated that twenty-five dollars per month was an adequate amount for her support. The fact that she had misapprehended her rights in the matter and had believed that she was entitled to an allowance for labor performed in connection with the property which she and appellant owned as tenants in common, is not conclusive as to her rights after her error had been called to her attention. At the time the matter was determined by the trial court, the question of the proper amount to allow respondent by way of a family allowance for her support pending administration was for determination by the trial court in the light of the evidence.

At the hearing which resulted in the entry of the order appealed from, the trial court inquired fully into the situation and the requirements of respondent in connection with an adequate support pending administration. The record shows that the court considered in detail the amounts which respondent reasonably needed for groceries, meat, light, fuel, clothing, etc. The evidence shows that respondent required more than twenty-five dollars per month for her support and maintenance. It cannot be held that the allowance in the sum of seventy dollars per month, as fixed by the trial court, was excessive.

■ Finally, appellant argues that the court erred in making retroactive the order fixing the allowance. Section 1476, *supra*, provides that a family allowance may be made "during the progress of the settlement of the estate." No money was ever paid to respondent by authority of the order entered January 30, 1942, but in her final account respondent asked that the accumulated total be distributed to her. Apparently respondent has never received anything from the estate by way of a family allowance.

A somewhat similar situation was presented *In re Murphy's Estate*, 30 Wash. 9, 70 Pac. 109. In that case it appeared that the wife and mother died in 1895, and that in 1897 the father applied for an allowance out of the estate in favor of himself and his minor children. In support of his claim, the father introduced evidence to the effect that since the death of his wife he had paid all the family expenses, spending for that purpose fifty dollars per month. The trial court entered an order that that sum be allowed to him out of the estate in the aggregate of eight hundred fifty dollars. On appeal this court said:

"This controversy now arises under objections to said allowance. The objections are based upon the alleged grounds that the court was without authority, by statute or otherwise, to make such order; that the order was *ex parte*, made without notice, and contrary to law. That the order was made without notice appears to be true, but at the hearing of these objections, which was after due notice, it was insisted by appellant that a *nunc pro tunc* order should be made covering the same items included in the former order.

Such an order would have been proper if the items were proper ones for allowance under the law."

We find no reason in the law for holding that respondent may not, upon closing the estate, receive an allowance for her support pending administration computed on a monthly basis from the date the trial court fixed in its order.

Finding no error in the record, the order appealed from is affirmed.

Respondent has filed herein a supplemental transcript on appeal. The supplemental transcript contains nothing pertinent to the questions to be determined on this appeal, and for this reason costs will not be allowed to respondent on account of such supplemental transcript.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.