[No. 30786.   Department Two.   April 6, 1949.]

*In the Matter of the Estate of* GLEN ARMSTRONG, *Deceased.*
VIVIAN ARMSTRONG *et al., Appellants,* v. EDNA GIBSON
*et al., Respondents.*[1]

[1]Reported in 204 P. (2d) 500.

*Robert A. Hannan* and *Fred M. Bond,* for appellants.

*Theodore B. Bruener* and *John T. Welsh,* for respondents.

GRADY, J.—The appeal in the matter of the estate of Glen Armstrong, deceased, now before this court, calls for a review of the order approving the final account of the administrator of the estate and the decree of distribution. The appellants are the surviving widow of the decedent and the administrator of the estate, and in this opinion we shall so refer to them. The respondents are adult children of decedent. The following questions are presented for review: (a) the authority of the court to terminate the payment of family allowance; (b) the source from which funeral expenses and expenses of administration should be derived; (c) the appropriate distribution of the proceeds of property acquired by decedent both before marriage and after the entry of an interlocutory order of divorce.

On January 6, 1943, Glen Armstrong, being then a widower, acquired title to a tract of real estate in Pacific county, Washington. He also acquired city lots in Raymond, Washington. On January 23, 1944, the decedent was married to appellant, Vivian Armstrong. On April 20, 1945, the decedent obtained an interlocutory order of divorce from his wife. On August 24, 1945, he acquired title to additional real estate in Pacific county. No final judgment granting an absolute divorce was entered.

The decedent died intestate on April 24, 1946. The appraised value of the estate of decedent was $6,366.11. During the progress of the administration of the estate, the court made a family allowance to Vivian Armstrong in the sum of sixty dollars per month, payable monthly, beginning August 9, 1946, and to continue until further order of the court.

On September 20, 1946, a partial award and set-off in lieu of homestead was made to the surviving widow, which included the household goods and other personal property and the lots located in Raymond. Pursuant to orders of court, the administrator sold all of the remaining real estate belonging to the estate. In June, 1947, the respondents petitioned the court for an order discontinuing the payment of the family allowance, but no hearing was had upon the petition until the final account and petition for distribution was heard.

On August 8, 1947, there was brought on for hearing an application of the widow for a further award and set-off in lieu of homestead to bring the total to four thousand dollars, it appearing that all of the property of the estate not theretofore awarded to the widow had been converted into money. The hearing was adjourned until October 10, 1947. The administrator filed his final account and petition for distribution on September 2, 1947, and an order was made fixing October 10th as the time of hearing thereof. When the account and petition came on for hearing, a continuance was ordered to October 30, 1947. On this date, some documentary evidence was introduced and some testimony taken

with reference to the real estate acquired by the decedent. The hearing was continued to December 23, 1947, at which time further testimony was taken. Other hearings were had February 20, 1948, and April 23, 1948. On May 14, 1948, the court entered an order approving the final account and a decree of distribution.

(a) At or shortly after the time when the respondents petitioned the court for an order discontinuing the payment of the family allowance, the administrator ceased making further payments. The total amount paid was $720. In the order approving the final account, the court refused to authorize the administrator to pay any additional sums upon the order for the family allowance.

Rem. Rev. Stat., § 1476 [P.P.C. § 205-7], provides that the court may make such reasonable allowance of cash out of an estate as may be necessary for the maintenance of the family during the progress of the settlement of the estate. The statute is not mandatory, and both the making of an award and the amount thereof are discretionary. *State ex rel. Case v. Superior Court,* 23 Wn. (2d) 250, 160 P. (2d) 606; *In re Wind's Estate,* 32 Wn. (2d) 64, 200 P. (2d) 748. The order making the allowance fixed the date of the commencement of the payments and provided they might continue "until the further order of the court." By this order and by the statute as construed in the case of *In re Hilleware's Estate,* 159 Wash. 580, 294 Pac. 230, the court had the authority to terminate the order of allowance.

We find no error in the action of the court in its refusal to authorize any further payments than the administrator had made.

(b) The undertaker who conducted the funeral of the decedent made a claim against the estate in the sum of $444.77, which claim was allowed. At a time when the application of the widow for an award in lieu of homestead was heard and it became necessary to satisfy the court that the funeral expenses and expenses of administration had been paid or provided for as required by Rem. Supp. 1945, § 1473, the widow either paid or advanced money to the

administrator to pay the claim of the undertaker. The court denied a claim made by the widow for reimbursement from the funds of the estate. There is some confusion in the record as to the reason why the claim for reimbursement was denied. At one hearing, the view was expressed that, when the widow received an award and set-off in lieu of homestead to the extent of four thousand dollars, she should pay the funeral expenses of the decedent, and was not entitled to reimbursement. When the petition for an order allowing the final account was heard, the court made the following finding of fact:

"That said surviving spouse and widow did advance and pay the undertaker's bill of $444.77 and which amount said widow did file a claim not within the time required by law to file allowable claims asking the court to reimburse her for said amount but the court is of the opinion she may not now be reimbursed for said amount and the claim must be denied. . . ."

In the final order based upon the findings of fact, the following appears:

"It Is Further Ordered that the claim of the widow asking reimbursement of the $444.77 for the undertakers bill and also the additional pay of $60.00 per month at the end of the year be and the same are hereby denied."

██ Claims against an estate which have been allowed become acknowledged debts of the estate to be paid in the course of administration. Rem. Rev. Stat., § 1480 [P.P.C. § 197-7]. Funeral expenses are a debt of an estate and are first in the order of priority of payment. Rem. Rev. Stat., § 1541 [P.P.C. § 192-41].

██ When a surviving spouse makes application for an award and set-off in lieu of homestead pursuant to Rem. Supp. 1945, § 1473, there arises no obligation on the part of such spouse to pay funeral expenses or expenses of administration as a condition precedent to such award and set-off, but before such award and set-off can be made the court must be satisfied that such expenses have been paid or provided for. The statute does not provide who shall make such payment or how such expenses shall be provided for.

If the surviving spouse desires the award and set-off to be made sooner than otherwise might be the case, and pays or provides funds for the payment of an allowed claim for funeral expenses, we see no reason why such spouse should not be reimbursed out of available estate funds. In the case of *In re Vukov's Estate,* 16 Wn. (2d) 443, 133 P. (2d) 949, we held it was proper to make reimbursement for funeral expenses advanced. In that case, the father of the decedent advanced the amount owing on the funeral expenses. The administrator reimbursed the decedent's father for the sum of money he had advanced, and over objections made by parties interested in the estate the court approved the reimbursement. We sustained the court in that respect.

On December 23, 1947, the widow filed a claim for reimbursement of the money she had advanced for the payment of the funeral expenses and served it upon the administrator, but it was not filed within six months after the date of the first publication of notice to creditors. The claim of the widow for reimbursement was not the kind of a claim that must be filed within the period prescribed by Rem. Rev. Stat., § 1477 [P.P.C. § 197-1]. It was not a claim against the deceased, but became a proper claim against the estate arising during the progress of its administration.

On September 18, 1946, the administrator filed a written statement as follows:

"I, Fred M. Bond, the undersigned hereby certify that I am the administrator in the above named estate and acting as my own Attorney and Vivian Armstrong has made provision to see I get my pay as administrator and as Attorney as provided by the statute of the State of Washington."

In the final report and account, the administrator alleged that he had acted as his own attorney in the handling of the estate and that the sum of five hundred dollars would be a reasonable sum as compensation for his services in both capacities. The court made the following finding:

"The court further finds that said surviving widow has advanced to said administrator Fred M. Bond the Attorney Fees for the probating of the $4,000 and that said administrator is entitled to a fee for the balance of said estate at

the usual rates which amounts to the sum of $138.65 and no more."

Based upon such finding, the court made the following order:

"IT IS FURTHER ORDERED that Fred M. Bond, administrator is allowed the sum of $138.65 as Attorney Fees . . ."

The widow has not made any claim for reimbursement of any money she may have advanced or paid to the administrator-attorney for services rendered to the estate. The appellants urge that the sum of $138.65 allowed by the court is wholly inadequate compensation for the services rendered. The respondents contend that the allowance of attorney's fees is a matter within the discretion of the court and any allowance made should not be disturbed on appeal, except for clear abuse of that discretion. We have recognized this rule in many cases, but we do not think such rule can apply to the situation now before the court. It is quite apparent from the record that, at some stage of the case, the court was of the opinion that the property awarded and set off to the widow should bear some proportionate part of the compensation to be paid to the administrator and to the attorney.

The compensation of an administrator and that of his attorney, when fixed and determined by the court, become charges against the whole estate and should be paid out of estate funds, and cannot be made specific charges against the property awarded and set off to the surviving spouse. The court should have fixed and determined the reasonable compensation properly allowable for the services rendered by the administrator and attorney in the combined capacity and authorized the payment of the combined amount out of the funds of the estate, less any amount the court may have found had been paid by the widow.

(c) The court made a finding that the money of the estate remaining on hand was the separate property of the decedent. Our examination of the record convinces us that such finding was in accord with the evidence. There could have been no question as to the separate status of the property

acquired by decedent before his marriage to Vivian Armstrong. There was nothing to indicate that any of the property was acquired during the time the parties lived together as husband and wife.

■ The remaining property was acquired by the decedent after the entry of the interlocutory order. The order was made April 20, 1945. The property was acquired August 24, 1945. During this period of time, the parties lived separate and apart. The widow made no contribution to the acquisition of the property, and it was not acquired by the joint efforts of the decedent and the widow. The time and manner in which the property was acquired makes applicable the rule of law pronounced in *Togliatti v. Robertson*, 29 Wn. (2d) 844, 190 P. (2d) 575. The court, having determined that the remaining property on hand was the separate property of the decedent, properly ordered a distribution thereof pursuant to our statutes relating to descent and distribution of that class of property.

The orders and decree of the trial court must be modified in accordance with this opinion, and the cause is remanded for that purpose. In all other respects, the decree is affirmed. Neither party shall recover costs or disbursements on this appeal.

JEFFERS, C. J., STEINERT, ROBINSON, and SIMPSON, JJ., concur.